Parsons, C. J.
Is Jutau, upon the facts disclosed by him, the trustee of the principal defendants ? is the question before us.
The plaintiffs have argued that he is, because the agreement between the officer who attached, and the defendants, the debtors, is void as to creditors, and the lien arising from the attachment is discharged by the sale, and consequently that Jutau, being accountable to the defendants for the proceeds, is their trustee.
On the other side, it is admitted that the lien arising from the attachment is no longer in force; but it is insisted that when goods are regularly attached at the suit of bona fide creditors, and there is an agreement by all the parties in interest, that the officer shall sell the goods, and hold the proceeds for the payment of the judgments to be recovered by those creditors, he is their trustee, and shall hold the proceeds protected against any other creditors.
As the facts concerning any such agreement are not within the knowledge of the auctioneer, who may not know the attaching creditors, or whether their debts are bona fide or not, and who can disclose only the information he may have received, without being able to ascertain its correctness, we do not conceive that this point is properly before us; and therefore we give no opinion on this question.
But we are satisfied, on another ground, that Jutau cannot be adjudged the trustee of the defendants. It sufficiently * appears that Jackson claimed a special property in the [ * 168 ] goods, as having attached them by writ; that he advertised them for sale; that Jutau was merely his agent to put up the goods at auction, and to receive the money for him ; and that there is no privity between the auctioneer and the defendants. He must, therefore, account with the officer for the proceeds, and the officer is answerable to those who may be injured by his conduct, oi who may have any right to the money.
The inconveniences of a different construction are manifest The auctioneer, being a mere agent of the officer, for the sole pur pose of selling the goods, and receiving and paying over to him the *138 money, may have no knowledge of the rights or interest of the officer, or of any other person, and cannot disclose the facts really existing, on which the rights .of all persons claiming to be interested are founded. It would, therefore, be unreasonable that the right of property should be decided on a very partial and incomplete disclosure of the facts, on which such right vested. The plaintiffs in this case should have summoned the officer as a trustee, from whom might be obtained the facts necessary to form a correct judgment. (2)

Trustee discharged

 [See the Revised Statutes, which provide for trying the claims of persons claiming to be interested in certain cases. — Rev. Stat. c. 109, § 17, 18, 19, 20, 21, 31. — Ed.]