Parker, C. J.,
delivered the opinion of the Court. The conduct of the officer, although for the advantage of the debtor, and of all *248 the creditors who were eventually interested in the goods attached, was nevertheless contrary to his official duty ; so that he is liable to the plaintiffs’ action. The consent of the debtor, and of the first attaching creditors, would justify him against them. But all the creditors, who had attached, had a legal right to have the goods dis posed of according to law; and to make any other disposition of them was a wrong done to them, for which the law will give an ade1 quote remedy.
Cases often occur, which show the necessity of some legislative provision upon this subject. Perishable goods are often attached ; live stock also, which may consume its value during the pending of a suit. The creditors may thus have their security waste before their eyes, and the debtor may suffer the loss of his property without paying his debts. An authority in all such cases, and also when the market price of merchandise is likely to fall, to sell the property attached, and appropriate the proceeds among all the parties in interest, according to their legal claims, is a desideratum in our law.
But as to the damages to be recovered for this venial departure from official duty, with good intentions, and for the benefit of every one finally interested, and by their consent,—shall the officer be made to pay the whole debt, and the plaintiffs in this case profit to that extent, from their refusal to concur with the other attaching creditors? We think not. They are to recover damages. What are those ? Certainly an indemnity for the injury they have sustained. What is that injury ? It is the neglecting to keep the goods attached, until sold upon execution; and if they had been so kept, the plaintiffs would have gotten literally nothing. To give them their debt now, would be to authorize a speculation upon the [ * 299 ] necessities * of the debtor, and discourage those arrangements which are often so beneficial to him.
It has heretofore been frequently decided that, in actions on the case against officers for negligence, the jury have the subject of damages at their discretion. It is so, when an escape has been suffered ; where insufficient bail has been taken ; and even where there has been a false return, as in the case of Weld vs. Bartlet (6), in which will be found cited in the margin, all the authorities touching this point. The question of damages in the case before us being referred to the Court, it is adjudged that the plaintiffs recover nom' nal damages, with costs (7).

 10 Mass. Rep. 470.

 [This case cannot be sustained in law. The other creditors gained no title to tlie goods against the plaintiff, because the grant, or agreement,' or assent of the debtor and all the attaching creditors, besides the plaintiff, could not make or give such a title, or supply the defect occasioned by omitting to perfect an inchoate title acquired oy the attachment, or give validity thereto. The damages, therefore, were to be esti *249 mated by the value of the goods, unless this exceeded the amount of the judgment recovered in the plaintiffs’ former suit, and if so, then that judgment would be the measure of damages. Vide Whitaker vs. Sumner, 9 Pick. 308.—Ed.]