# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN,
## SEPTEMBER TERM 1847, AT NORTHAMPTON.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. SAMUEL S. WILDE,  ⎫
HON. CHARLES A. DEWEY, ⎬ JUSTICES.
HON. SAMUEL HUBBARD,   ⎭

---

ASA F. LAWRENCE, Administrator *vs.* CALEB RICE.

F., a deputy sheriff, attached personal property on a writ sued out by P. against M., and took a receipt therefor from O.: P. recovered judgment on said suit, took out execution, and forwarded it, for service, to F., who was then out of office: F. gave the execution to A., a deputy sheriff, and F. and A. went to O. with the execution and receipt, and one or both of them demanded the attached property of O., who did not deliver it, but signed an acknowledgment on the receipt, that it had been demanded of him by A.: Afterwards F. delivered the receipt to A., who accepted it, and commenced a fruitless suit thereon against O.: P. brought an action against the sheriff for F.'s default in not safely keeping the property, so that the execution could have been levied on it. *Held*, that F., though out of office, was bound to keep the property safely thirty days after judgment; but that, in order to charge him or the sheriff for his default, it must appear that the property was demanded of him, unless he waived a demand, within thirty days after judgment, by an officer having the authority and charged with the duty of satisfying the execution. *Held also*, that if A., who received the execution from

Lawrence, Administrator *v.* Rice.

F., was not to be considered as if employed by P., then no person was authorized and employed by P. to serve the execution, and that no legal demand was made on F.; but if A. was to be considered as if he received the execution from P., then he was P.'s agent to demand the property of F. *Held further*, that, on the facts, there was, 1st, either no demand by A. on F. for the delivery of the property attached; or if there was, then, 2d, that the delivery of the receipt by F. to A., after a demand on O. by F., or by A. in F.'s presence, rendered O. responsible on his receipt, and that the acceptance of the receipt by A. was an admission by him of a sufficient compliance with such demand, and a waiver of any further performance; and that the action could not be maintained.

TRESPASS UPON THE CASE, against the sheriff of Hampden, brought by the administrator of the estate of Frederick F. Parker, late of Pepperell in the county of Middlesex.   The declaration set forth, that the plaintiff's·intestate, in March 1840, having a demand against Nathaniel B. Moseley of Springfield, sued out a writ against him, returnable to the court of common pleas next to be held in the county of Middlesex, and delivered it to W. H. Foster, a deputy of the defendant, who attached thereon a stage coach and eight horses, of the value of $1000, and duly returned the writ; that said intestate duly entered his said writ, and prosecuted his action thereon to judgment, which he recovered against said Moseley, at the supreme judicial court held at Lowell, on the second Tuesday of April 1841, for $747·59, damages, and $40·65, costs of suit, and took out execution on the 1st of May 1841; "and said execution was, on the day and year last aforesaid, delivered to the defendant's deputy, for service; yet neither the defendant nor said Foster safely kept the property aforesaid, so that the same was seized and sold on said execution, nor caused the same to be so seized and sold; nor was said execution in any part satisfied."

The general issue was pleaded, with notice that the defendant would rely on the statute of limitations; also on the fact that no demand was made of his deputy, Foster, for the property alleged to have been attached, within thirty days after the rendition of judgment in the original action; and that, before said judgment, the said Foster had ceased to be the deputy of the defendant.

The trial was before *Shaw*, C. J. who made the following

report thereof : The plaintiff offered evidence of the original attachment by Foster, the recovery of judgment, the issuing of the execution, and the transmission of it to Foster, and the delivery of it by Foster, then out of office, to D. M. Moore, a deputy of the defendant; and also a certificate of the clerk of the courts in Middlesex, that the execution had not been returned.

The defendant contended that this action could not be maintained against him, for the default of Foster in not keeping the attached property, without proof that a demand was made upon Foster, by an officer having possession of the execution, with authority to serve it ; that such demand must have been made within thirty days from the rendition of judgment; that no such demand was made, or, if it was made, that it was complied with.

There was evidence tending to show that, when Foster made the original attachment, he delivered the coach and horses to Jonathan O. Moseley, and took his receipt therefor, bearing the same date with the return of the attachment, (March 16th 1840,) by which said Moseley acknowledged the receipt of the property as attached, and promised to deliver the same on demand, or pay all damages. On this receipt was an indorsement, signed by said J. O. Moseley, dated May 10th 1841, acknowledging a demand made on him for the goods on that day, by D. M. Moore, deputy sheriff.

There was evidence tending to show that Foster and Moore went together to said Jonathan O. Moseley, at West Springfield, with the execution and receipt, and that a demand was there made by one or the other, or both, as certified on the receipt ; that the coach and horses were not delivered ; that they were then in the joint possession of said Jonathan O. and his brother Edward, and employed on a line of stage coaches between Springfield and Lowell. No other evidence of demand was given.

There was also evidence tending to show that, after the demand made upon J. O. Moseley, the receipter, in presence both of Foster and Moore, and after the receipter acknowledged

such demand, Foster delivered the receipt to Moore, who accepted it, and, at some time afterwards, commenced an action upon it. Whereupon it was ruled, that if Foster, who, in contemplation of law, had the custody of the property, under the attachment, was out of office, before the rendition of judgment, he was bound to keep the goods safely thirty days after judgment; but that, in order to charge him, or the sheriff for his default, it must appear that a demand was made on him, unless waived by him, within thirty days after judgment, by an officer having the authority, and charged with the duty of collecting and satisfying the execution; and that, unless such demand was made, or waived, there was no default for which the sheriff was responsible; that Moore, who received the execution from Foster, was, or was not, to be considered as if directly employed by the plaintiff; that if he was not to be so considered, then no person was ever authorized and employed by the plaintiff to serve the execution, no demand whatever was made on Foster, and he was in no default; that if he was to be considered as if he had received the execution from the plaintiff, (the supposition most favorable for the plaintiff,) then he was to be considered as the agent for the plaintiff, to make the demand of Foster.

On this state of the evidence, the presiding judge was of opinion, either, 1st, that there was no demand by Moore, of Foster, for the delivery of the specific goods attached, or if there was, then, 2d, that the delivery of the receipt, by Foster, to Moore, after a demand on the receipter by Foster, or by Moore in Foster's presence, (which would be a constructive demand by Foster,) rendered the receipter responsible on his contract; and that the acceptance of the receipt by Moore, under the circumstances, was admitted by him as a sufficient compliance with such demand, and a waiver of any further performance.

Upon the expression of this opinion, the plaintiff, waiving his right to go to the jury, upon any question of fact, became nonsuit, subject to the decision of the whole court upon the correctness of this opinion.

*R. A. Chapman,* for the plaintiff. The distinction between the case of *Howard* v. *Smith,* 12 Pick. 202, on which the defendant will rely, and the case at bar, is, that the execution, in this case, was delivered to an officer who did not serve the writ of attachment, the officer who served it being out of office.

The jury might have inferred, from the circumstances proved, that a proper and authorized demand was made on Foster for the attached property ; and they should have been so instructed. No form of words is necessary, in such a case, to constitute a demand. Any words, which informed Foster that Moore wished to obtain the property, were sufficient. *Hapgood* v. *Hill,* 7 Shepley, 372. *Humphreys* v. *Cobb,* 9 Shepley, 380. At least, it should have been left to the jury to decide whether Foster did not waive a demand on him. *Morton* v. *White,* 4 Shepley, 53.

*Davis & Vose,* for the defendant. There was no demand on Foster, within thirty days from the judgment. To constitute a demand, it should have been so made that he might know that Moore wanted the property for the purpose of levying on it. *Norris* v. *Bridgham,* 2 Shepley, 429. *Blake* v. *Shaw,* 7 Mass. 505. *Howard* v. *Smith,* 12 Pick. 202. The evidence is inconsistent with the supposition that Foster waived a demand on him for the property. Moore waived a demand on Foster, and discharged him, by accepting the receipt and demanding the property of the receipter ; and especially by his commencing an action on the receipt. See *Gordon* v. *Wilkins,* 2 Appleton, 137. *Phillips* v. *Bridge,* 11 Mass. 242. *Humphrey* v. *Kingman,* 5 Met. 162. *Gove* v. *Vining,* 7 Met. 212.

SHAW, C. J. The defendant is responsible for the official acts of his deputy, or acts done by color of his office. To that extent only has the sheriff intrusted him in the execution of his duties. So, where, before the statute authorizing the sale of goods attached on mesne process, the deputy made such sale by consent of parties, it seemed to be considered by the court as a clearly settled point, that he did not act

officially, though he acted lawfully ; he executed an authority given him by the parties interested in the property, and not an authority incident to his office. *Penniman* v. *Ruggles,* 6 Mass. 166. *Rich* v. *Bell,* 16 Mass. 294. It would seem to follow as a necessary consequence, that if a deputy sheriff should violate the trust thus reposed in him, he would be liable, like any other agent or factor commissioned to act for another, to his employer, but not as an officer ; because not acting, or professing to act, within the scope of the authority conferred on him by his principal. Nor would the sheriff be responsible for his neglect.

In the present writ and declaration, the plaintiff proceeds against the sheriff, solely, for the default of his deputy, Foster. We believe a motion was once made by the plaintiff for leave to amend, by charging that the loss arose from the default of the defendant's deputy, Moore, which was allowed by the court, on terms ; but the terms were not complied with, and the amendment was not made. Has there then been such default on the part of Foster, as to render the defendant liable under the maxim *respondeat superior ?* It is conceded that Foster attached personal property on mesne process, on the original writ, then being the defendant's deputy, but that, before judgment was rendered, he was out of office. Of course he had no authority to seize the property on execution. What then is the duty of an officer who has attached personal property on mesne process ? Unless the property is sold on mesne process, according to the law as it now stands, (Rev. Sts. *c.* 90,) or the attachment is otherwise dissolved by taking bond, he is to keep it safely until after judgment. If, within thirty days after judgment, he being still in office, the execution is delivered to him for service, he must take the property on the execution. If not in office, he must deliver the property, on demand, to any officer qualified and authorized to take and dispose of it. But if judgment is rendered for the defendant, or no execution is delivered to him, or demand made on him, within thirty days, it is his duty to deliver the property back to the debtor. If he does

Lawrence, Administrator v. Rice.

not keep the property safely, and render it on legal demand, he is responsible for the default, as an official misfeasance; and therefore, if he have delivered it to the original debtor, or any other person, though on a satisfactory receipt, it is at his own peril, and such receipt is for his own indemnity, and does not exonerate him from his liability to the creditor. *Phillips* v. *Bridge*, 11 Mass. 242. *Howard* v. *Smith*, 12 Pick. 202.

We have stated these as the general duties of an attaching officer. They appertain to his office, and if he fails in the performance of them, the sheriff is answerable. But the question recurs, what is the liability of the sheriff, after the deputy is out of office? It seems to be a well settled rule of law, a rule of the common law, recognized and confirmed by statute, that when an executive officer has begun a service, or commenced the performance of a duty, and thereby incurred a responsibility, he has the authority, and indeed is bound, to go on and complete it, although his general authority, as such officer, is superseded by his removal, or his derivative authority terminated by the determination of the office of his principal. His authority attaches by the commencement of the service, and will be superseded only when it is completed, whether it be a longer or a shorter time. *Welsh* v. *Joy*, 13 Pick. 477. The attachment of goods on mesne process is the commencement of a service, and subjects the officer to a responsibility which can only be terminated and discharged by a disposal of the property in some of the modes above stated; and therefore, although he goes out of office before execution is issued, and cannot serve the execution, yet he is bound to keep the property safely thirty days, to be delivered on a demand by an officer charged with the service of the execution; but, if not so demanded, then to be delivered to the debtor. We do not mean to say, that if such ex-officer should happen to retain the custody of the goods more than thirty days, and no new lien interposed, another officer might not seize them on the execution; but they would be held, in such cases, by force of the new seizure

on execution, and not of the old lien created by the attach-ment on mesne process. But the property not having been demanded within thirty days, at which time it would have been the duty of the deputy to surrender it to the debtor, and especially, as he had, before judgment, in fact surrendered and delivered up the property, upon taking a receipt as his indemnity therefor, the court are of opinion that his official duty, and the official responsibility of the sheriff for the per-formance of that duty, were at an end.

But if there was any ground to hold, upon the evidence, that there was a demand on Foster, for the property, within thirty days, the court are of opinion that the answer given to it, at the trial, was right. It has already appeared that a demand must be made by a person authorized by the plaintiff to serve the execution. Strictly speaking, Moore was not authorized by the plaintiff to serve the execution. Had Foster remained in office, it may well be admitted, that by sending the execution to him, with orders, or for the purpose of obtaining satisfaction, it would have been a constructive demand on him to take the attached property. But he was out of office, and his only duty was, to keep the property till seasonably demanded by another officer. It was at the risk of the creditor to assume, without inquiry, that Foster remained in office. He might have sent the execution to the high sheriff, or have employed an agent to direct the service of the execution. But he did neither. Whether Foster was bound, or even authorized, so far to act for the plaintiff, as to give the execution to another officer, and authorize and direct him in the service of it, is a question which we have no occasion to decide ; but if he assumed to act for the plaintiff, and the plaintiff afterwards ratified and adopted his acts, he must be deemed to have affirmed his doings in whole. He cannot affirm them in part, and disaffirm them in part. Had the plaintiff been on the spot himself, and a demand had been made on Foster for the goods, and Foster had offered him the receipt for the goods, instead of the goods themselves, it would have been at his option to accept it or not. A case might exist, in

which it would be greatly for his interest to accept it. The receipter acknowledged the demand within thirty days, and therefore, by force of his contract, acknowledged himself liable for the damages, which were measured by the amount of the execution. Suppose, then, that the deputy and the sheriff had both been insolvent, and the receipter a man of property ; the security of the receipter would have been the best. But such acceptance of the receipt must be deemed as a waiver and discharge of the liability of the attaching officer. It was a substitute for the attached property. It was the consideration on which the attached property was surrendered and put beyond the officer's custody and power. It was the security and indemnity, by means of which the officer, if charged, would raise the money to meet his liability to the creditor. The acceptance of the receipt, therefore, would be a waiver or discharge of all claim on the officer for not keeping the goods. Then, if Moore was not the plain-tiff's agent to obtain satisfaction of the execution, and, for that purpose, to demand the goods of Foster, as the attaching officer, there was no agent authorized to make such demand, and then the plaintiff must fail ; or if Moore was such agent, then his acceptance of the receipt, which was a valid, and might have been the most available, security, was equivalent to such acceptance by the plaintiff; and the attaching officer, and his principal, the sheriff, were not liable.

*Judgment for the defendant, on the nonsuit.*