JOHN W. BALL v. CHARLES W. YOUNG AND HENRY W. McCABE.

*Garnishment—Joint garnishees—Disclosure.*

1. Where an agent for the collection of a debt that is secured by mortgage takes possession of the mortgaged property, he cannot be held with the creditor as a joint garnishee in a proceeding in which the debtor is principal defendant.

2. Several persons cannot be held as joint garnishees unless the principal defendant is indebted to them jointly; and this is so whether the garnishment proceeding is based upon a debt or upon the possession of property.

3. Persons cannot be held as garnishees upon a disclosure which admits neither an indebtedness nor the possession of property belonging to the principal defendant.

Error to Van Buren. (Mills, J.)   Jan. 11.—Jan. 29.

GARNISHMENT proceeding.   Plaintiff   brings   error. Affirmed.

*Crane & Breck* for appellant.

*Annable & Fitch* for appellee

CHAMPLIN, J.   Plaintiffs in error were garnished by defendant in error, who had commenced suit against one Augusta Eilers. They appeared before the justice and made disclosure, from which it appears that Augusta Eilers was indebted to Young, and to secure this indebtedness he had taken a chattel mortgage upon certain property which at the time he supposed belonged to Mrs. Eilers.   To enforce payment of the debt he placed the note representing the debt and the chattel mortgage in the hands of McCabe, with instructions to collect the amount due on the mortgage. McCabe took possession of the property and advertised it for sale.   This was the position of affairs when Mr. Ball commenced garnishee proceedings, and the summons was served upon Young and McCabe jointly.

Neither of the parties admitted in their disclosure that the property in question belonged to Mrs. Eilers at the time the garnishee process was served upon them. They stated that other parties claimed to own it, and they did not know to whom it belonged. Judgment having been obtained in the principal suit, plaintiffs in error were summoned to show cause why judgment should not pass against them. The parties appeared, and the plaintiff (defendant in error here) declared against them in trover for the property mentioned in their disclosures, and for money had and received. The defendants pleaded the general issue. The only evidence introduced was the disclosure, and the justice rendered a judgment against them for the amount of the judgment recovered in the principal action, which was removed to the circuit court by certiorari, where it was reversed.

The judgment of the circuit court should be affirmed for two reasons.

I. The garnishee defendants did not have joint possession of the property. The relation between them was that of principal and agent. Young did not have actual possession of the goods, although it may be said that they were under his control, while McCabe, though having actual possession, held them as the mere agent of Young, and subject to his direction. His accountability for the possession of the goods was not to Mrs. Eilers, but to Mr. Young. If he may be jointly garnished with Mr. Young, his principal, then a joint judgment may be obtained, and he made liable for a debt to Mr. Ball without any privity of contract having existed between him and the principal defendant, and without such possession of property as would have rendered him liable had he been proceeded against alone. *Penniman v. Ruggles* 6 Mass. 166. It has been repeatedly held by this Court that one cannot be held as garnishee where the liability is joint; and the converse of this is equally true, that two or more cannot be held as garnishees unless the liability to the principal debtor is joint; and this is so whether the proceedings instituted relate to the possession of property or to indebtedness.

II. Neither of the persons garnished admitted any prop-
erty in their possession belonging to Mrs. Eilers at the time
they were summoned, nor any indebtedness to her. This
should have ended the proceedings.  *Newell v. Blair* 7
Mich. 103; *Hewitt v. Wagar Lumber Company* 38 Mich. 701;
*Sexton v. Amos* 39 Mich. 695; *Tabor v. Van Vranken* 39
Mich. 793; *Spears v. Chapman* 43 Mich. 541.

The judgment is affirmed with costs.

The other Justices concurred.