THE STATE SAVINGS BANK OF DETROIT v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE ˙COUNTY.

*Garnishment—Sufficiency of affidavit—Several garnishees—Return-day—Variance between day of week and that of month.*

1. An affidavit for garnishment in the circuit court need not aver that the principal suit is still pending, or that the principal debt is due when the affidavit is made.

2. Two or more persons who are severally liable may be joined in one affidavit for garnishment in the circuit court and in the writ issued thereon, and on filing their several answers the affidavit will stand as a declaration against each, and ˙the proceeding will thereafter be prosecuted against each, as provided by How. Stat. § 8092.

3. Where the day of the week stated in a writ as the return-day does not correspond with the day of the month, the latter will control; citing *Ingersoll v. Kirby*, Walk. Ch. 27.

*Mandamus.* Argued January 31, 1893. Denied March 10, 1893.

Relator applied for *mandamus* to compel respondent to quash a writ of garnishment. The facts are stated in the opinion.

*Walker & Walker*, for. relator.

*Dickinson, Thurber & Stevenson*, for respondent.

PER CURIAM.    Washington Boright, Charles F. Lewis, and Peter Ozbourn brought suit in *assumpsit*, in the Wayne circuit court, against Barney J. Gagnier.    The summons was issued November 19, 1892, and made returnable December 15 following.    Plaintiffs on the same day also caused a writ of garnishment to be issued against the petitioner, the State Savings Bank.    The affidavit for the writ was made by the plaintiffs' agent, and sets out that he has good reason to believe, etc., that certain other parties and the State Savings Bank, severally, have property, goods, chattels, credits, or effects in their hands, or under their custody and control, belonging to the defendant, and that said parties and the State Savings Bank are severally indebted to the defendant.    It is also alleged that the defendant is justly indebted to the plaintiff in the sum of $5,059.80, over and above all legal set-offs, and that affiant is justly apprehensive of a loss of the same unless a writ of garnishment issue, etc.    The return-day stated in the writ of garnishment is Tuesday, the 16th day of December, 1892.    It was directed against the parties named in the affidavit, together with the petitioner, the State Savings Bank, and served on the garnishee defendants on the date of issue.

December 23, 1892, the petitioner appeared specially in the cause, by attorney, and entered a motion to quash the writ on the ground that the circuit court had no jurisdiction to issue the writ, and that the writ was illegal and void because:

1. The affidavit upon which it was based is imperfect, defective, and insufficient to give the court jurisdiction.

2. Said affidavit contains no averment that said suit was pending when said affidavit was made.

3. The affidavit contains no averment that the debt upon which the principal defendant was indebted was due when the action was begun.

4. There is no averment in the affidavit that the said garnishee defendants are jointly indebted to the principal

defendant, or that they have in their joint possession property of the principal defendant.

5. It does not appear by the affidavit that the principal suit is brought to recover the indebtedness therein stated to be held by the plaintiffs against the principal defendant.

6. There is no date named in said writ for the appearance of the garnishee defendants, because the 16th day of December was not Tuesday of the week.

7. It appears from the affidavit that there is no joint claim due from the several garnishee defendants to said principal defendant.

This motion came on to be heard January 3, 1893, and was subsequently denied by the court. An application for *mandamus* is made to compel the court below to set aside the order of denial, and to enter an order quashing the writ.

The court below was not in error in refusing to quash the writ.

1. The affidavit does state that a suit had been commenced by the plaintiffs against the principal defendant, and in this respect complies with Act No. 73, Laws of 1889 (3 How. Stat. § 8058), relative to affidavits for writs of garnishment. The statute does not, in terms, require a showing that the suit is still pending; the fact that an action has been commenced being presumptive that it is still pending, until the contrary is shown.

2. The statute does not require a showing by affidavit that the debt upon which the principal action is brought is due at the time of commencement of the garnishee proceedings; but garnishee proceedings may be brought after the principal action is commenced, by the showing of certain facts which are set out in the affidavit.

3. The principal contention of counsel is that there is no averment in the affidavit that the garnishee defendants are jointly indebted to the principal defendant, or that they are in joint possession of any property of the princi-

pal defendant. The affidavit does not purport to charge a joint indebtedness, or that the property sought to be reached is held jointly. On the contrary, it is alleged that the defendants are severally indebted, and severally hold the property of the principal defendant. It is claimed, however, that inasmuch as, by the statute (How. Stat. § 8068), the affidavit is to be treated as a declaration, the garnishees must be charged, if at all, in as many separate affidavits as there are garnishees who are severally indebted, and that it is error to attempt to bring them all in under one affidavit and one writ. We do not think the statute requires this. Section 8092 provides:

" Two or more persons *severally* liable may be garnished in the same action, and their disclosures and all other proceedings shall be several, and judgment shall be rendered for such sum as the court shall order, for or against each severally, and execution may issue accordingly."

It is the evident intent of this statute to enable the plaintiff in the action to summon in any and all persons indebted to the principal defendant, or those who have property in their custody and control belonging to the principal defendant, and require a disclosure from each. Upon such disclosure being made, the parties defendant in the garnishee writ must then be proceeded against severally. Each garnishee answers for himself, and it is upon his answer that the court directs an issue to be framed, and this separates him from the other garnishees. There is no difficulty in this proceeding thus to permit the affidavit to stand as the declaration against each, and the answer or disclosure of each to stand as his plea to it. It would be an unnecessary and tedious proceeding, in many cases, to require an affidavit and writ of garnishment against each garnishee defendant; and the statute, from the language employed, evidently does not require it.

This case is distinguishable from *Ball v. Young,* 52 Mich.

476.    In that case the garnishees were sought to be charged jointly.    Action was commenced in justice's court, and the circuit court held, on *certiorari*, that two or more could not be held as garnishees unless the liability to the principal defendant was joint.    That holding was affirmed in this Court.

Under a somewhat similar statute to the one under which the present proceedings were had, it was held by the supreme court of Alabama, in *Curry v. Woodward,* 50 Ala. 260, that—

"The plea in abatement seems to be founded on the idea that two or more persons cannot be embraced in a writ of garnishment unless they are jointly liable or indebted to the debtor.    This idea is erroneous.    A garnishment may issue to any number of persons, whether they hold property or are indebted jointly or severally to the debtor.    It operates, from its service, to create a lien on the property in the possession of, or the debt due from, any or all of the garnishees.    Each garnishee answers for himself, and it is on his answer the court pronounces judgment, or directs an issue to be formed, thus separating him from the other garnishees."

4. There is no force in the suggestion that the writ is defective by reason of the fact that Tuesday was not the 16th day of December.    It was expressly held in *Ingersoll v. Kirby,* Walk. Ch. 27, that, where the day of the week does not correspond to the day of the month, the day of the month will control.

The writ of *mandamus* must be denied, with costs.