FERRY v. CINCINNATI UNDERWRITERS.

GARNISHMENT — INSURANCE COMPANIES DOING BUSINESS UNDER COMMON NAME—JOINT LIABILITY.

Two insurance companies which issue policies together under a common name may be garnished under such name by creditors of a policy-holder for the amount due under his policy, and a single judgment taken, although it appear upon the trial that, by the terms of the policy, the liability of the companies is several for their proportionate share of the loss.

Error to Wayne; Donovan, J. Submitted October 9, 1896. Decided December 24, 1896.

Garnishment proceedings by Henry M. Ferry against the Cincinnati Underwriters, as garnishee of the S. H. Davis Company. From a judgment for plaintiff, the garnishee brings error. Affirmed.

*Bowen, Douglas & Whiting*, for appellant.

*Ed. E. Kane*, for appellee.

MONTGOMERY, J. Plaintiff sued the S. H. Davis Company, and garnished the defendant, alleging in the affidavit that it is a body corporate, organized and existing under the laws of Ohio; and service was made upon J. C. Burton, as agent of the company. Defendant made disclosure by its agent, James C. Burton, admitting an indebtedness to the S. H. Davis Company, principal defendant; and subsequently an amended disclosure was filed, in which it is stated that defendant is not a corporation, but it is further stated that the Cincinnati Underwriters, of Cincinnati, Ohio, is the business name used by

the Eureka Fire & Marine Insurance Company, of Cincinnati, Ohio, and the Security Fire Insurance Company, of Cincinnati, Ohio, while doing business jointly, and that each of these insurance companies is a corporation organized and existing under the laws of Ohio. This amended disclosure further admitted an indebtedness on the part of each of these two companies, in the sum of $681.14, subject to certain prior writs of garnishment.

Certain preliminary objections are made to the proceedings, which we think it not necessary to discuss. The first is ruled by *Muncey* v. *Insurance Office*, 109 Mich. 542, and the second by *Wellover* v. *Soule*, 30 Mich. 481.

On the trial, the plaintiff introduced evidence to show that the liability to the principal defendant arose upon a policy of insurance which ran, in part, as follows:

"The Cincinnati Underwriters, by this policy of insurance,—the Eureka Fire & Marine Insurance Company, of the city of Cincinnati, and the Security Fire Insurance Company, of the city of Cincinnati, each acting and contracting for itself, and not for the other,—in consideration, * * * do insure the S. H. Davis Company * * * to an amount not exceeding two thousand dollars, one-half of said amount being insured by the Eureka Fire & Marine Insurance Company, and one-half by the Security Fire Insurance Company, to the following described property, while located and contained as described herein," etc.

Defendant insists that, under this proof, the liability shown was a several liability on the part of each of these two companies, and that no joint judgment could be taken against both.

2 How. Stat. § 8092, provides that—

"Two or more persons, severally liable, may be garnished in the same action, and their disclosures and all other proceedings shall be several, and judgment shall be rendered for such sum as the court shall order, for or against each severally, and execution may issue accordingly."

Under this statute it was held, in *Ball* v. *Young*, 52 Mich. 476, that two or more cannot be held as garnishees, unless the liability to the principal debtor is joint.

The situation of this case is certainly unique. It is conceded by defendant's counsel that a corporation may have several names, and can be sued in one name or the other, and parol evidence introduced to identify the organization. See *Walrath* v. *Campbell*, 28 Mich. 111. The first disclosure in this case shows that the Cincinnati Underwriters is a corporation under the laws of Ohio. The amended disclosure shows that this is a mistake, but that the Cincinnati Underwriters is the business name adopted and used by the Eureka Fire & Marine Insurance Company and the Security Fire Insurance Company, and that an indebtedness exists on the part of each of these companies to the principal defendant. It is insisted, as before stated, that the affidavit in garnishment should have alleged several liability on the part of each company. But, if each had made itself liable to be sued as the Cincinnati Underwriters, it is difficult to see how this was necessary, as the affidavit could do no more than repeat the same name and the same allegation of indebtedness. It is clear that, up to the time the second disclosure came in, the plaintiff was not in fault in proceeding against whoever the debtor to the S. H. Davis Company was in the name of the Cincinnati Underwriters. Nor does the second disclosure indicate that the liability of the two insurance companies is several. It states that the Cincinnati Underwriters is the business name used by the companies while doing business jointly; that, prior to the issue of the writ of garnishment, the two companies, each corporation as aforesaid, jointly, under the business name of the Cincinnati Underwriters, issued a fire-insurance policy; and that each of the said corporations was indebted to the said S. H. Davis Company. It is only on the trial that it appears that the liability of the two companies is several. The fact remains that each had done business

in the name of the Cincinnati Underwriters, and that each was liable to suit in that name.

We think the judgment should be affirmed.

The other Justices concurred.