Dorothy A. Davis, trustee, complainant,

*v.*

Fox Manor, Incorporated, et al., defendants.

[Decided January 14th, 1930.]

*Messrs. Bourgeois & Coulomb,* for the complainant.

Ingersoll, V. C.

Order of reference was duly made in the above-stated cause, and notice duly given by complainant to the solicitor of defendant, Leon Rubens, of an application to the court, to be made on the 17th day of December, 1929, for an order designating the day of final hearing; upon the return of said notice, the court fixed Tuesday, the 7th day of January, 1930, as the date of said hearing; and upon said 7th day of January, 1930, the cause came on to be heard in the presence of Bourgeois & Coulomb, of counsel with complainant, no person appearing for defendant Leon Rubens; an inspection of the notice served upon the said defendant's solicitor showed that it stated the date of hearing as Monday, the 7th day of January, 1930, instead of Tuesday, the 7th day of January, 1930. Affidavit was filed in the cause showing that the solicitor of said defendant Leon Rubens was present in court at the time of making the application and of the fixing of the day for said hearing, and being of the opinion that the day of the week was surplusage, and that the day of the month, where there was a variance between the two, was controlling,

as was held in the case of *Ingersoll* v. *Kirby* (*Walk. Ch. 27*), wherein the court said:

"Where the day of the week does not correspond to the day of the month, the day of the month will control."

Which said case was cited with approval in the case of *State Savings Bank of Detroit* v. *George S. Hosmer, 95 Mich. 100.* Complainant was permitted to proceed with the cause.