NEW KENSINGTON SANITARY POTTERY, INC., *v.* DETROIT PIPE & SUPPLY CO.

1. GARNISHMENT—SUFFICIENCY OF AFFIDAVIT—"SEVERAL" LIABILITY—STATUTES.

   Affidavit for writ of garnishment averring belief that three named banks are indebted to principal defendant is not fatally defective under 3 Comp. Laws 1929, § 14889, for failure to allege "several" liability on part of each bank; there being no intimation of joint liability, none may be inferred from omission of word "several." McDONALD and POTTER, JJ., dissenting.

2. SAME—STATUTORY REQUIREMENTS MUST BE FULFILLED.

   Garnishment is regarded as harsh statutory remedy, and affidavit therefor must fulfil statutory requirements.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 14, 1931. (Docket No. 110, Calendar No. 35,999.) Decided April 4, 1932.

Garnishment proceedings by New Kensington Sanitary Pottery, Inc., a Pennsylvania corporation, against Detroit Pipe & Supply Company, a Michigan corporation, by itself and doing business as Penin-

sular Plumbing & Heating Supply Company, principal defendant, and Peoples Wayne County Bank and others, garnishee defendants. Summary judgment for plaintiff subject to permanent stay of execution against principal defendant, who was discharged in bankruptcy. Defendant appeals. Affirmed.

*Lawhead & Kenney,* for plaintiff.

*Edward N. Barnard,* for defendant.

POTTER, J. (*dissenting*). This is an appeal by defendant from summary judgment in favor of plaintiff, subject to a permanent stay of execution against defendant. Garnishment is an anomalous and harsh statutory remedy. One pursuing it must bring himself within the statute and follow its mandates. *W. H. Warner Coal Co.* v. *Nelson,* 204 Mich. 317; *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561; *People's Wayne County Bank* v. *Stott,* 246 Mich. 540 (64 A. L. R. 427). In garnishment proceedings the affidavit for the writ of garnishment stands as a declaration. The disclosure of the garnishee defendant amounts to a plea. 3 Comp. Laws 1929, § 14867. Garnishment proceedings are ancillary to the main suit.

"One cannot be held as garnishee where the liability is joint; and the converse of this is equally true, that two or more cannot be held as garnishees unless the liability to the principal debtor is joint." *Ball* v. *Young,* 52 Mich. 476.

The garnishee defendants herein are charged jointly. For this reason the judgment should be reversed. Cause should be remanded.

McDONALD, J., concurred with POTTER, J.

SHARPE, J. The sufficiency of the allegations in an affidavit for a writ of garnishment is here in question. In it the affiant averred that he—

"has good reason to believe, and does believe, that Peoples Wayne County Bank, a Michigan banking corporation; First National Bank, a national banking corporation; and National Bank of Commerce, a national banking corporation, have property, money, goods, chattels, credits and effects in their hands, and under their custody and control, belonging to the said Detroit Pipe & Supply Company, a Michigan corporation, by itself and doing business as Peninsular Plumbing and Heating Supply Company, the above-named defendant and that the said Peoples Wayne County Bank, a Michigan banking corporation; First National Bank, a national banking corporation; and National Bank of Commerce, a national banking corporation, are indebted to the said Detroit Pipe & Supply Company, a Michigan corporation, by itself and doing business as Peninsular Plumbing and Heating Supply Company, the above named defendant whether such indebtedness is now due or not."

A writ of garnishment issued pursuant thereto, and was served on each of the banks named therein. Appellant's counsel insists that the affidavit is fatally defective in that it did not allege a "several" liability on the part of the three banks. Each of them filed a disclosure.

The statute (3 Comp. Laws 1929, § 14889) provides:

"Two or more persons, severally liable, may be garnisheed in the same action, and their disclosures and all other proceedings shall be several and judgment shall be rendered for such sum as the court shall order, for or against each severally, and execution may issue accordingly."

In my opinion, the objection made to the form of the affidavit is too technical to have controlling effect. Any person reading the affidavit, particularly in view of its punctuation, would be informed thereby that the plaintiff sought to obtain disclosures from each of these banks as to its liability to the defendant. There is no intimation of a claim of joint liability, nor do I think it must be inferred from the omission of the word "several" therein.

While garnishment is regarded as a harsh statutory remedy, and the affidavit therefor must fulfil the statutory requirements (*Weber* v. *Wayne Circuit Judge,* 217 Mich. 561), the statute above quoted provides that two or more persons may be garnisheed in the same action if severally liable. In *State Savings Bank of Detroit.* v. *Wayne Circuit Judge,* 95 Mich. 100, this court, in construing this statute, said:

"It is the evident intent of this statute to enable the plaintiff in the action to summon in any and all persons indebted to the principal defendant, or those who have property in their custody and control belonging to the principal defendant, and require a disclosure from each. Upon such disclosure being made, the parties defendant in the garnishee writ must then be proceeded against severally. Each garnishee answers for himself, and it is upon his answer that the court directs an issue to be framed, and this separates him from the other garnishees. * * * This case is distinguishable from *Ball* v. *Young,* 52 Mich. 476. In that case the garnishees were sought to be charged jointly."

The judgment is affirmed.

CLARK, C. J., and NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.