Bolster, C. J.
The defendant Gast, a constable, under a common writ in an action brought by.C'elia Bernstein against *138 the plaintiff Hines, in January, 1932, attached an automobile of which the plaintiff was the conditional vendee of one Parker, and appointed the husband of said Celia Bernstein his keeper. On February 26, 1932, the defendant Krinsky, another constable, holding a replevin writ in which said Parker was plaintiff, and Celia Bernstein was defendant, took the car out of the possession of the keeper, and delivered it to Parker, taking from him a replevin bond, which, instead of filing it in court, he delivered to Celia Bernstein, the obligee. Krinsky’s seizure of the car on that writ was wholly wrongful, Richardson v. Reed, 4 Gray 441, Sweel v. Boyce, 154 Mass. 381, 388, amounting to a conversion, and the plaintiff’s rights against him began in 1932. Krinsky, though a wrongdoer, acted under color of legal process, and is therefore under the protection of Gen. Laws, Chap. 260, § 4. As to this plaintiff, he never held rightly and such cases as French v. Merrill, 132 Mass. 525, do not apply.
In the replevin ease of Parker v. Bernstein, in which Bines intervened as claimant, he obtained in 1934 a judgment of dismissal and for his costs. That does not help him in the absence of an order of return of the automobile to him. cf. Rosen v. U. S. Rubber Co., 268 Mass. 403. No order for a return to him, rather than to the attaching officer from whom possession had been taken, could rightfully have been made, for at that time the case of Bernstein v. Rines had not gone to judgment. The plaintiff made demand for the car upon both defendants in July, 1934. Neither defendant then had it in his possession. Ordinarily that would shut off an action for conversion, based on demand and refusal. De Young v. Andrews Co., 214 Mass. 47. cf. Magaw v. Beals, 272 Mass. 334. The rule holds good for the defendant Krinsky, who as to Bines was a mere stranger. It does not hold good for Gast. His re *139 turn was that he had attached the property and had it in his possession. He made no further return of his doings. When demand was made, he was estopped by his return to deny possession. Bacon v. Lincoln, 2 Cush. 124, 129. cf. Weston v. Ames, 10 Met. 244, 247. But even if the plaintiff fails as against Cast on his count in trover, he has a third count for official non-feasance, under which, upon the facts not in dispute, he is entitled to a finding. When the officer took the plaintiff’s goods into his possession he came under a duty, which he owed to both parties to the action, to maintain that possession and have the goods on hand for seizure on execution or for return to the defendant. He could yield to lawful superior process, which Krinsky’s was not. Even if Cast had filed a further return stating his dispossession, it would not justify his failure to keep. And if he can escape from his return, and claim that only malfeasance makes out a conversion, Bowlin v. Nye, 10 Cush. 416, cf. Munro v. Stowe, 175 Mass. 169, Dorman v. Kane, 5 Allen 38, his plight is only worse. Stat. 260, § 4, gives a constable protection only in cases of taking and conversion. There are many cases of official malfeasance and non-feasance which involve liability but do not amount to a taking or conversion. The court cannot expand the statute and the doctrine of trespass ah initia is a sword for the litigant, not a shield for the officer. It has been decided that a party wronged by an officer has an election to await the time when he could rightfully demand the goods. West v. Rice, 9 Met. 564. The correctness of that proposition may be tested by comparing this case with McKay v. Coolidge, 218 Mass. 65. That was a case'in which a public officer had been guilty of misfeasance, affecting the plaintiff’s rights. It was held that the statute began to run when the tortious act occurred, “and not at the time *140 when the damage became manifest.” The breach of duty there was single and complete. Estimate of future damage involved no different or more difficult function than is in daily use in accident cases. In the present case the duty is a continuing duty. The fact that a paramount title has prevented recapture serves for mitigation, not for justification, as it would have done had Krinsky’s process been good against G-ast. In that case Gfast would have had a replevin bond to take the place of the goods. Until the attachment had been lawfully destroyed the duty remained to háve the goods on hand to abide the judgment. To hold that the statute was running from the time of the first default is unfair both to the attaching creditor and to the defendant whose goods are attached. If one can then sue, so can the other. If one must, or be barred, that is equally true of the other. Tet until judgment it cannot be known which is injured or to what extent. Even after an adverse judgment, the defendant therein could pay it and thereby become entitled to a return from the officer. It is not only the quantum of recovery, but the right to sue at all, which is in suspense.
But while we think there was error in denying the plaintiff a recovery against G-ast there still remains the question of the extent of relief to be given. It appears from the special findings that at least as early as 1932 the plaintiff had lost whatever right he had to the continued possession of the automobile. However irregular the methods employed, the fact remains that the rightful owner obtained possession. When the plaintiff made his demand in 1934 he had no right to possession except as against the constable. Case v. Babbitt, 16 Gray 278. We could not say to the defendant in his action for conversion that if he satisfied the execution he would get title, for neither in his own *141 right nor as bailee accountable over had he any title to give. But an action against an officer for official misconduct, whether of mis-feasance or non-feasance, is not, as in an action for negligence, Sullivan v. Old Colony St. Ry., 200 Mass. 303, purely compensatory. Nominal damages are awarded. Weld v. Bartlett, 10 Mass. 470. Rich v. Bell, 16 Mass. 294. Gallup v. Robinson, 11 Gray 20. Slocum v. Riley, 145 Mass. 370. Beacon Trust Co. v. Wright, 288 Mass. 1. A very wholesome rule to keep officers up to the mark. On the special findings and the record evidence the plaintiff is entitled to so much, and no more, in his action against Gast.
In Rines v. Krinsky, — Report dismissed.
In Rines v. Gast, — Judgment for plaintiff for $1.