WATERS *v.* McDOWELL.

126   807
Case 2
129   469

1. Where the dispensary commissioners of the town of Blakely elected a secretary and treasurer, and subsequently, by an amendment to the act creating the dispensary, the legislature named a secretary and treasurer therefor, this took effect as against the person who had been named by the commissioners, although the time for which they named him had not expired.

2. Under the act of August 1, 1906 (Acts 1906, p. 114), authorizing elections in counties where the sale of liquors is not lawful except by dispensaries, to be held for the purpose of determining whether they shall be continued or abolished, construed in connection with section 1545 of the Political Code, which is made to apply to such dispensary elections, "except where clearly inapplicable," upon the holding of an election and the declaration by the ordinary that it had resulted against the continuance of the dispensary, this did not alone immediately termi-

nate the existence of such dispensary, but the ordinary was required to publish the result once a week for four weeks before such result finally took effect.

. There was no requirement in the acts of the legislature creating the dispensary in Blakely or amending the law in regard thereto that the secretary and treasurer should be qualified in any particular manner, or give bond. The evidence offered by the plaintiff to show that such a requirement had been made by the commissioners of the dispensary, and had been complied with, was rejected. So that there was nothing before the court to show such a requirement.

4. The act of August 20, 1905, named the plaintiff as the secretary and treasurer of "the dispensary," not merely of the new board of commissioners named by that act.

Argued November 5, — Decided November 16, 1906.

Quo warranto. Before Judge Sheffield. Early superior court. September 15, 1906.

*Powell & Pottle,* for plaintiff.

*Oliver & Russell* and *W. C. Worrill,* for defendant.

LUMPKIN, J. It is stated in the brief of counsel for the plaintiff that "the question involved in this case is, who had the right to bury the dispensary corpse in Early county?" Perhaps it would be more nearly accurate to treat the dispensary commissioners as legal undertakers in chief, and the secretary and treasurer as a species of undertakers' assistant. But the rank of the office in relation to the obsequies is not the matter in contest. What the plaintiff desires to settle is his right to the office of secretary and treasurer of the dispensary, not to determine its exact functions or dignity.

The dispensary in Blakely was created by the act of 1897 (Acts 1897, p. 566), and made a corporate body. In 1905 this act was amended, and certain persons were named as commissioners (Acts 1905, p. 668). On August 1, 1906, a general law was passed, authorizing elections to determine the continuance or discontinuance of dispensaries in counties where liquor was sold only through dispensaries (Acts 1906, p. 114). On August 20, 1906, the local dispensary act creating the dispensary at Blakely was amended. In this amending act certain persons were named as commissioners of the dispensary, and the plaintiff was by it appointed as secretary and treasurer "of the dispensary." The persons named as commissioners were to hold office until their successors should be elected and qualified, the election being fixed to occur at the same

time as that for the commissioners of roads and revenues. It also provided that after their election they should elect the manager and other officers and employees (Acts 1906, p. 542). On September 4 an election was held in Early county, under the general law, and the result was against the dispensary. This result was declared by the ordinary on September 5. On September 7 plaintiff made demand on the defendant, who was the secretary and treasurer elected by the board of commissioners created by the act of 1905, to surrender to him the office. This was refused, and the plaintiff began quo warranto proceedings to obtain a judgment of ouster against the defendant. The presiding judge heard the case on the law and facts, by agreement. He refused the prayer, and the plaintiff excepted.

1. It is urged that the term of office for which the defendant had been elected or appointed by the commissioners named in the act of 1905 had not expired. But the General Assembly terminated it, and legislated him out and his successor in by the act of 1906. On its face that act clearly appointed the plaintiff as secretary and treasurer of the dispensary.

2. But it is said that, after the election of September 4 which resulted against the continuance of the dispensary, and after the declaration or announcement of that result by the ordinary on September 5, the act of August 20, 1906, by which the plaintiff was appointed, became inoperative, and there was nothing to be done by the officers named in it. The act of August 1, 1906 (which provided that, in counties where the sale of liquors was prohibited, except by dispensaries, elections might be held to determine whether they should be continued or abolished), declared that sections 1543, 1545, and 1546 of the Political Code, on the subject of local-option elections, "except where clearly inapplicable," should apply to the elections in regard to dispensaries. Section 1545, among other things, provides: "If the result of any election shall be against the sale, the ordinary shall publish the same once a week for four weeks in the paper in which he gave notice of the election. This article shall take effect as soon as said publication has been made the time prescribed: Provided, no license to sell liquors of any description, prohibited by this article, shall be granted during said time of publication." The act of August 1, 1906, provided no machinery for the election, nor in terms anything as to notice,

publication, or declaration of the result, the time when the prohibition should take effect, or for contest. For these matters reference was made in the act to the sections of the code mentioned. There is nothing which makes the provision in the local-option law, for the taking effect on the publication of the result for four weeks, "clearly inapplicable" to the dispensary election. Applying this provision to the dispensary election, if it should result against the dispensary the ordinary is required not only to declare the result, but to publish it once a week for four weeks in the paper in which he gave notice of the election, and the law shall thereupon take effect. Probably this time was allowed in order that a dispensary might be wound up and its business and property closed out without great loss. It may be noticed also that the particular dispensary here involved was made a corporation by the act creating it, as above stated. When the plaintiff in error demanded the office and its accessories from the defendant in error, on September 7, the election had only occurred three days before, and the result had only been declared two days. Evidently there had been no publication once a week for four weeks, as required by law. Thus the office was not then extinct. It might be said to have been in articulo mortis,—in the act of dying, not wholly dead. If, then, there was an office, a person entitled to it, and another person declining to surrender it, the remedy by quo warranto would lie.

The answer of the defendant admits that the plaintiff demanded of him the right and privilege of discharging the duties of secretary and treasurer of the dispensary, "now performed by respondent, as well as the possession of the books, papers, and records, and money belonging to said dispensary." In another part of the answer it was alleged, that after the election nothing remained to be done except for the officers in charge to wind up the business of the institution preparatory to closing it; that they proceeded to do this by returning a part of the stock of liquors on hand to the creditors and selling the balance; that the entire stock on hand at the time of the election had since been disposed of; that the real estate had been delivered over to the board of commissioners of Early county; and that "so soon as the amounts of some minor accounts can be ascertained and deducted, the funds on hand are ready to be paid over to the county treasurer of Early county and the county school commissioners, as required by law." In so far

as this sought to set up that the office terminated at once upon the election, the point has already been disposed of. The mere fact that little remains to be done furnishes no reason why the proper officer should not do it.

3. Another contention was that the plaintiff in error did not show that he had been duly qualified and given bond. The act of the legislature made no such requirement. It did authorize the commissioners to make regulations in regard to the dispensary. The plaintiff in error offered in evidence certain minutes for the purpose of showing the bond prescribed, and that he had made such bond and taken the oath required. On the objection of the defendant in error, the entire evidence on this subject was excluded. Whether this ruling was proper or not is immaterial. If the evidence were admitted, it would perhaps show due qualification. With it excluded, there was nothing to show any requirement on the part of the plaintiff in error to take an oath and give bond.

4. Lastly, it is alleged in the answer that the board of dispensary commissioners, named in the act of 1906 along with the plaintiff, had never been in possession and control of the dispensary or its property, and until that board took charge the plaintiff had no authority to demand the property in the hands of the defendant or to exercise the duties and privileges of secretary and treasurer. The sufficient answer to this is that the act of August 20, 1906, did not appoint the plaintiff as secretary and treasurer only of the new board of commissioners, but by its terms named him as secretary and treasurer of "the dispensary" itself, without reference to the board of commissioners. The act of 1897 made the commissioners of this dispensary a body corporate. The act of August 20, 1906, appointed certain commissioners, a manager, and a secretary and treasurer. Whether some of the officers thus named qualified and obtained possession of their offices or not, this would not prevent another officer from so doing.

*Judgment reversed. All the Justices concur.*