### 4884. LUMPKIN v. CITY OF ROME.

1. By section 11 of the act approved August 11, 1908 (Acts 1908, p. 909), the mayor and council of Rome were given plenary authority over the police force of the city, with power to appoint policemen and to fix salaries and terms of office, and to remove at pleasure any policeman whose services were in their judgment no longer needed by the city. By virtue of the provisions of this act the mayor and council had authority to remove a policeman previously appointed for a fixed term by the board of police commissioners under authority of the act of August 20, 1906 (Acts 1906, p. 1022).

2. The amendatory act of 1908 did not have the effect of reviving section 77 of the act of 1883, creating a new charter for the City of Rome, because the board provisions of the amendatory act are inconsistent with the limitation of power prescribed in section 77 of the original act.

DECIDED AUGUST 25, 1913.

Complaint; from city court of Floyd county—Judge Reece. March 25, 1913.

*Maddox & Doyal,* for plaintiff. *Max Meyerhardt,* for defendant.

POTTLE, J. This was an action against the City of Rome to recover a sum alleged to be due for salary of the plaintiff for the year 1908. On April 14, 1908, the plaintiff and fourteen others were elected by the board of police commissioners of Rome as policemen of that city, but his term of office was not fixed by the board. The salary of a policeman had been fixed by the mayor and council of the city at $720 per annum. The plaintiff entered upon the discharge of his duties on April 14, 1908, and served as policeman until August 7, 1908. On that date the mayor and council met and adopted a resolution reducing the number of policemen from 15 to 11, and eleven policemen were elected. The plaintiff was not elected. On August 12, 1908, at another meeting of the mayor and council the action of August 7 was ratified and confirmed. The plaintiff sued for salary from September 1, 1908, to April 1, 1909, at $60 per month. The trial judge sustained a motion for a nonsuit, and the plaintiff excepted.

The evidence showed that no charges had been preferred against the plaintiff, and that he was not dismissed for inefficiency or misconduct, after a trial in accordance with the rules of the board of police commissioners or otherwise. The question of the right of the mayor and council to dismiss the plaintiff summarily without cause depends upon the construction of the city's charter and certain amendments thereto. By section 77 of the act approved Sep-

tember 25, 1883, creating a new charter for the City of Rome, it was provided: "The police force of the City of Rome shall consist of as many officers and men as the mayor and council may determine, and shall be elected at the same time the clerk is elected. They shall take an oath to faithfully and impartially discharge the duties imposed upon them by the laws and the city ordinances. Their several terms of office shall be two years, or until their successors are elected and qualified, unless removed for cause to be judged by the mayor and council." By the act of August 20, 1906 (Acts 1906, p. 1014), the charter of Rome was amended. By the amendment a board of police commissioners was created. The authority of the board over the police of the city is set forth in section 24 of the amendment, which is as follows: "On the first Monday in April of each year, or as soon thereafter as practicable, the mayor and council of the City of Rome shall, by resolution or ordinance, fix the number of officers and men to compose the police force of the City of Rome for the ensuing twelve months, at the same time fixing their compensation, and shall transmit a certified copy of their action to said board of police commissioners. Upon receipt of the same, at their first regular meeting thereafter, the said board shall proceed to elect by viva voce vote the number of officers and men provided for by the mayor and council of Rome, all of whom shall be bona fide citizens of the City of Rome. All of said officers and men so elected shall, before entering upon the discharge of their duties, take the same oath now provided for the police of said city, and shall hold office for twelve months from the date of their qualification, unless sooner removed by said board." By an act approved August 11, 1908 (Acts 1908, p. 904), the charter of the city was again amended. By section 11 of the act of 1908, all of the sections of the act of 1906 relating to the board of police commissioners were repealed "and the appointment and control of all policemen, marshals and deputies vested in the mayor and council of the City of Rome."

If the effect of the amendment of 1908 was either to directly legislate the plaintiff out of office or to authorize the municipal authorities to discharge him without cause, the nonsuit was properly granted, since any office created under authority of a legislative enactment may be abolished at the will of the creator. *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464) ; *Waters* v. *McDowell,* 126

*Ga.* 807 (56 S. E. 95) ; *Drake* v. *Beck,* 129 *Ga.* 466 (59 S. E. 306). If, on the other hand, the effect of the amendment was not to abolish the plaintiff's office or authorize his discharge without cause, the nonsuit should not have been granted. By the act of 1883 the term of office of a policeman was two years, "unless removed for cause to be judged by the mayor and council." The amendment of 1906 did not repeal the new charter granted by the act of 1883, but merely made certain changes and additions, leaving all of the provisions of the act of 1883 to stand, except those repealed expressly or by necessary implication. Section 77 of the act of 1883 was repealed by necessary implication, because it was wholly inconsistent with the amendment of 1906 vesting the appointment of policemen in a board of police commissioners and fixing their term of office at one year, "unless sooner removed by said board." Apparently this authorized the board of police commissioners to remove a policeman at any time even without cause. We need not inquire whether section 77 of the act of 1883 would have been revived if the act of 1908 had merely, without more, repealed the amendatory act of 1906. On this subject see *Butner* v. *Boifeuillet,* supra. The act of 1908 does something more than merely repeal the portions of the act of 1906 therein referred to. Its language is broad. By it "the appointment and control of all policemen, marshals and deputies [are] vested in the mayor and council of the City of Rome." Counsel for the plaintiff insist that this language must be construed in connection with section 77 of the act of 1883, and was designed merely to vest in the mayor and council authority to appoint policemen for a term of two years, and that when so appointed they could not be removed except for cause. We think, however, that under the broad language of the amendment of 1908 the mayor and council were vested with plenary power over the police force of the city, with authority to elect, to fix their terms of office and salaries, to prescribe their duties, and to remove them from office at pleasure. Under the act of 1883 the General Assembly undertook to prescribe what should be the term of office of policemen, and how they should be removed. Under the amendment of 1908 the whole matter was left to the local authorities, to be regulated by ordinance or resolution. It is not claimed that since the passage of the act of 1908 the city has, by ordinance or otherwise, entered into a contract with the plaintiff for a fixed term. It is true the plaintiff was regularly and

lawfully elected by the police commissioners for a term of twelve months and while the act of 1908 did not in terms remove him from office, it did provide in effect that the mayor and council should have such plenary control over the matter of local police as to authorize them to abolish the office of any policeman whose services 'were, in their judgment, no longer needed. In this State, no one has any property right in a public office, and the authority which creates it may abolish it at pleasure, unless in so doing some contract right is violated. The plaintiff had no right in the office which could not be taken away from him. The matter of continuing him in office was, under the act of 1908, wholly within the discretion of the mayor and council.    *Judgment affirmed.*