## HENRY SPRING *et al.*

### *v.*

## JAMES WRIGHT *et al.*

1. SCHOOL LAW—*appointment of superintendent.* An act of the legislature made it the duty of the board of directors of public schools in the. city of Olney, to establish and keep up a system of graded schools in the city. The proof showed that ten teachers were employed, and that there were over eight hundred pupils: *Held,* that the board, by necessary implication, from the duties imposed upon it, had authority to appoint a superintendent over the schools.

APPEAL from the Circuit Court of Douglas county; the Hon. JAMES STEELE, Judge, presiding.

This was a bill in chancery to enjoin the board of directors from paying the salary of the superintendent of schools, in the city of Olney, on the ground that the board had no power to appoint one.

Mr. W. STOKER, for the appellants.

Mr. E. S. WILSON, for the appellees.

Per Curiam: The question presented by this record is whether the board of directors of public schools in the city of Olney have authority to appoint a superintendent of the graded schools in said city and pay him a reasonable salary for his services. We have no doubt the circuit court decided correctly in holding they had such power. A special law, passed March 9, 1867, makes it the duty of these directors to establish and keep up a system of graded schools in said city. The evidence shows there are ten teachers, in different rooms, and over eight hundred pupils, and that a general superintendent is necessary to the successful working of the system. This we can readily comprehend, and the power to appoint and pay this officer must be considered as given by necessary implication.

*Decree affirmed.*