*W. E. Watkins,* for defendants.

---

RICHTER *v.* BOARD OF PUBLIC EDUCATION FOR THE CITY OF SAVANNAH AND COUNTY OF CHATHAM.

GILBERT, J. George H. Richter filed an application for injunction against the Board of Education for the City of Savannah and County of Chatham. It is alleged that the defendant is a body corporate, and by its charter (Acts 1865-1866, p. 78; Acts 1866, p. 175) charged with the duty of direction, management, and superintendence of the public schools of Chatham County; that in May, 1917, the defendant elected and appointed C. B. Gibson as superintendent of schools at a salary of $5,000 per annum, payable in equal monthly instalments, for a term of one year beginning July 1, 1917, and on May 13, 1918, said Gibson was elected and appointed for a like term beginning July 1, 1918, at the same salary; that Gibson is the executive officer of defendant, guarding its finances, making recommendations in educational matters, etc.; that the defendant had paid Gibson his monthly salary, and would continue to do so; that the funds from which said Gibson has been and will be paid are derived exclusively from the State educational fund and from taxes levied in Chatham County by virtue of an election held in the year 1916, and that such payment will unlawfully increase the burden of taxation upon petitioner and other taxpayers. It is contended by the plaintiff, that (*a*) the duty of superintendence rests upon the defendant, and it is not authorized to employ or pay any person for the performance of that duty; (*b*) the superintendent of schools is an officer of the defendant, and the defendant is not authorized to compensate or pay its officers; (*c*) the position of superintendent of schools is a county office, and Gibson is ineligible to hold the office, because at the time of his election and appointment he had not been for two years a bona fide citizen of the county; (*d*) the law requires the superintendent of schools to be elected by the voters, and he cannot be elected or appointed by the defendant. The prayers are, for injunction to prevent the payment by defendant to said Gibson, or any other person, of the salary mentioned; and for general relief and process. Upon hearing the court discharged the rule nisi and denied an injunction, and to this ruling plaintiff takes exception. *Held:*

1. The duty of superintendence of the schools rests upon the defendant in a general sense. The word "superintendence" was not used in a narrow or technical sense by the General Assembly, and was not intended to convey the same meaning as where that word is employed in the usual sense of actual direction.

2. The power to make the appointment of such superintendent is incident to the full control which by law the Board of Public Education for the City of Savannah and County of Chatham has over the schools. Stuart v. Kalamazoo School District, 30 Mich. 70; Spring v. Wright, 63 Ill. 90. The power to compensate such superintendent, under the law creating the defendant, is necessary to the exercise of the power to appoint.

3. Such a superintendent is an officer of said board, but he is not such a county officer as the law requires to be elected by the people, and whose eligibility is fixed by the Civil Code, § 258 (7). Identity or similarity of name is not conclusive as to whether the office is identical with that provided by general law, but reference will be had to the duties required of such an officer. The duties required of the superintendent under the special act in question are not substantially identical with those required under the law of this State of the county school commissioner.

4. Under the pleadings the other assignments of error are without merit, and the court did not err in discharging the rule nisi and refusing the interlocutory injunction. *Judgment affirmed. All the Justices concur.*

No. 1051. APRIL 15, 1919.

Petition for injunction. Before Judge Meldrim. Chatham superior court. April 15, 1918.

*George H. Richter,* for plaintiff.

*Adams & Adams,* for defendant.