13774.  ANDREWS *et al. v.* BUTTS COUNTY *et al.*

The office of county registrar is not a " county office " within the pro-
visions of the act of 1913 as to ineligibility of members of a county
board of tax-assessors to hold county offices.

The allegations of paragraph 12 of the intervention, as to denial of the
right of the intervenors to contest the right of certain persons regis-
tered as voters to have their names remain on the registration lists,
and denial of the right to restore the names of certain persons stricken
from the lists, were subject to special demurrer, because of indefinite-
ness.

If the court erred in admitting in evidence a certificate of the registrars,
showing the number of qualified voters, over the objection that this
could only be shown by a certified copy of the list of registered voters
as prepared by the registrars and filed with the clerk of the superior
court, no harm resulted, as the list as prepared by the registrars was
later admitted in evidence.  Although this list was not marked " filed "
by the clerk, filing with him was shown by evidence that the registrars
handed it to him or laid it upon his desk and at the same time re-
quested him to file it.

Although the registrars, instead of filing a supplemental registration list
as provided by the statute, filed the old list as revised by them, with
the names of new voters added to it, this was a mere irregularity; and
it does not appear to have affected the result of the election.

The court did not err in holding that a prima facie case had been made
out by the county, or in rendering a judgment validating the bonds.

DECIDED DECEMBER 13, 1922.

Validation of county bonds; from Butts superior court — Judge
Searcy.  May 18, 1922.

*E. M. Smith,* for plaintiffs in error.

*E. M. Owen,* solicitor-general, *W. E. Watkins, Rosser, Slaton
& Hopkins,* contra.

BROYLES, C. J. 1. The office of a county registrar is not " a
county office " within the meaning of the statute (Ga. L. 1913, p.
125, § 4) which provides that a member of a board of county tax-as-
sessors shall be ineligible to hold any other State, county, or munici-
pal office.  County officers are virtually defined by the constitution of
this State (art. 11, sec. 2, par. 1, Civil Code of 1910, § 6599) as
officers who are elected by the qualified voters of their respective
counties, or districts, and who hold office for four years, and who
can only be removed from office on conviction for malpractice in
office.  A county registrar is not elected by the qualified voters of
his county or district, but is appointed by the judge of the superior
court of the county, and can be removed from office at the will
of the judge.  See, in this connection, *McLain* v. *State, 71 Ga.*

279 (3), 284; *Barnes* v. *Watson,* 148 *Ga.* 822 (4) (98 S. E. 500) ;
*Richter* v. *Board of Education,* 149 *Ga.* 32 (3) (99 S. E. 28).

2. This was a proceeding to validate an issue of road and high-
way bonds to be issued by Butts county. Upon the hearing certain
citizens and tax-payers of the county filed their intervention op-
posing the validation of the bonds. Paragraph 12 of the interven-
tion was as follows: " Intervenors say that they were denied the
privilege of contesting the right of 291 persons whose names ap-
pear on Exhibits ' A ' and ' B ' to have their names remain on
the registration lists, and the voters' lists, as is provided by section
65 of the code, and said lists, for this reason, are void. They were
also denied the right to restore the names of 110 illegally stricken
and set out in Exhibit ' C ', and they were denied the privilege of
contesting the right of those names set out in Exhibit ' B ' to
remain on said lists and the registration book." The demurrer to
paragraph 12 was as follows: " The allegations of paragraph 12
are asked to be stricken for the reason that they are too vague,
uncertain, and indefinite, there being no allegation alleging how
or in what manner intervenors were denied the right to be heard,
who denied them these rights, whom they applied to, when they
applied, and no allegation showing denial of any privilege asked,
or requested, and no allegation showing acts on the part of any
one forbidding their being heard." The allegations in this para-
graph were clearly subject to the special demurrer interposed, and
as the intervenors offered no amendment to meet the demurrer, the
court did not err in striking the paragraph. There is no contention
by the plaintiff in error that he was denied an opportunity to so
amend, nor is there any assignment of error upon the ground that
the court erred in striking the paragraph upon a special demurrer
without giving the plaintiff in error time in which to amend.
Moreover, there was no evidence introduced upon the hearing which
even tended to show that the result of the bond election would
have been different if the names of the 291 persons had been
stricken from the voters' list, and if the names of the 110 persons,
alleged to have been illegally stricken therefrom, had been restored
thereon. It follows that even conceding the court erred in striking
the paragraph, the error was harmless.

3. Upon the trial the court admitted in evidence a certificate
of the registrars of the county, showing the number of qualified

voters for the bond election. The intervenors objected to this evidence, on the ground that the only legal way to show that fact would be by the introduction of a certified copy of the list of registered voters as prepared by the registrars and filed with the clerk of the superior court of the county. Conceding, but not deciding, that the court erred in admitting this evidence, the error was harmless, since subsequently to this ruling the list of the registered voters of the county as prepared by the registrars was introduced in evidence. It is true that this list was not marked "filed" by the clerk of the superior court, but the undisputed evidence was that the registrars handed it to the clerk or laid it upon his desk, accompanied by the request that he file it. This was a sufficient compliance with the statute which requires the registrars to file the list with the clerk. It is well settled that the failure of a ministerial officer to perform his duties will in no case be allowed to work injury to a party in nowise responsible for such neglect of duty. See Civil Code (1910), § 5709. The actual placing of a paper in the hands of the clerk of a trial court, or his deputy, or the placing of the paper upon his desk, accompanied by the request that it be filed, is, in law, a legal filing. *Cooper* v. *Nisbet,* 119 *Ga.* 752 (47 S. E. 173), and citations.

(*a*) The fact that the registrars, in preparing the list of qualified voters for this special election, took the old list of qualified voters and revised it, adding new names of voters thereto, and filed it instead of filing a supplemental list as provided by the statute, was a mere irregularity, as this part of the statute is directory only, and not mandatory, and it does not appear that this non-compliance with its requirements had any effect upon the result of the election. See, in this connection, Civil Code (1910), § 126; *Spencer* v. *City of Columbus,* 150 *Ga.* 312 (103 S. E. 464), and citations; 36 Cyc. 1157.

4. Under the evidence introduced by Butts county, the court did not err in holding that it had made out a prima facie case.

5. Under all the evidence adduced upon the hearing, the court did not err in rendering a judgment validating and confirming the bonds.

6. The assignments of error not here dealt with are not referred to in the brief of counsel for the plaintiff in error and are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*