*Bouhan & Atkinson,* for plaintiff.
*Anderson, Cann & Cann,* for defendant.

## 20896. McBRIEN *v.* STARKWEATHER.

STEPHENS, J. 1. Although, as provided in section 5064 of the Civil Code of 1910, attachments returnable to the justices' courts should be directed "to all and singular the constables of this State," yet where an attachment is misdirected, a levy thereunder is nevertheless lawful if made by an officer to whom the attachment was directed and who was lawfully empowered to make the levy. *Warren* v. *Purtell,* 63 *Ga.* 428; *Buchanan* v. *Sterling,* 63 *Ga.* 227; *Cheney* v. *Beall,* 69 *Ga.* 533. Where an attachment which is returnable to the justice's court is directed "to all and singular sheriffs and constables of said county" a levy of the attachment by a constable of that county is a lawful levy.

2. Where an attachment directed to all and singular the sheriffs and constables of a particular county only was levied by one who was an acting constable, and it did not appear from the levy whether it was made by an acting constable of that county, yet where the defendant in attachment moved to dismiss the attachment upon the ground that the person who made the levy as the levying officer was the coroner of the county in which the attachment was returnable and to whose sheriffs and constable it was directed, the defendant in attachment thereby admitted, and was estopped from denying, that the levying officer was a resident of that county (Civil Code of 1910, § 6599; Political Code of 1910, §§ 112, 258); and since a constable must be a resident of the district and county from which he is appointed, it appears from the record that the acting constable who made the levy (whose qualifications as such are the same as those of a constable) was a resident of, and an acting constable in and for, a district in that county, and was therefore an officer to whom the attachment was directed.

3. A levying officer describing himself as an "acting" constable is presumably a constable specially appointed as provided in sections 4682, 4683, 4687, and 4690 of the Civil Code of 1910.

4. A constable is not a county officer; and therefore a coroner, as a county officer, is not, by virtue of section 259 of the Political Code of 1910, which prohibits any person from holding two county offices at the same time, prohibited from holding the office of constable.

5. Whether a coroner of a county is prohibited by law from becoming a constable of the county, yet where the coroner holds the office of constable after being regularly appointed, he acts under color of authority and his act as such are valid as acts of an officer de facto, if not de jure.

6. The court erred in sustaining the motion of the defendant in attachment to dismiss it upon the ground that it was misdirected by being directed to "all and singular sheriffs and constables of said county," and upon the ground that the levying officer, who was a constable, was not lawfully such by reason of the fact that he was at the same time coroner of the county.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*F. M. Gleason,* for plaintiff.
*McClure & McClure, T. G. Head,* for defendant.