McCUTCHEON *v.* MacNEILL, treasurer.

No. 14729. NOVEMBER 30, 1943. REHEARING DENIED DECEMBER 13, 1943.

*Helen Douglas Mankin,* for plaintiff.
*E. Harold Sheats* and *W. S. Northcutt,* for defendant.

GRICE, Justice. Ordinarily under the general law, deputy sheriffs are the employees of the sheriff, and subject to be discharged

by the latter. *Drost* v. *Robinson,* 194 *Ga.* 703 (22 S. E. 2d, 475). It is the insistence of the plaintiff in error, however, that under the provisions of the act approved March 15, 1943, entitled "An act to create a Civil Service Board in Fulton County," (Ga. L. 1943, p. 971 et seq.), she was under the classified service, and therefore the sheriff had no right to remove her. This contention is based on the language of the first portion of section 5, subhead 2 of that act, as follows: "The classified service shall include all other public officers and employees in the employ of Fulton County now or hereafter employed, including deputies and employees in the office of the clerk of the superior court, sheriff, tax collector, tax receiver, ordinary, treasurer, civil court of Fulton County, criminal court of Fulton County, tax assessors, juvenile court, adult probation office, employees .of the sanitary department, and others not placed in the unclassified service." The argument based on this premise, however, fails to take ·into account the latter portion of the same subhead, to wit: "After the effective date of this act, all appointments, employments, removals, promotions, demotions, transfers, lay-offs, re-instatements, suspensions, leaves of absence without pay, and changes in grade or title in the classified service shall be made and permitted only as prescribed in this act, and not otherwise." Here is a direct statement that after the effective date of the act, all removals shall be made only as prescribed by the act, and not otherwise. This can mean nothing else than that before the effective date of the act removals may be made under the previously existing laws. Section 27 of the act is in the following words: "Effective date. This act shall take effect June 1, 1943." The plaintiff in error was discharged by the sheriff before the effective date of the act. The salary she seeks was only that which would have accrued had she not been removed.

The reasoning of the plaintiff in error's counsel, derived from the use of the word "now" in that portion of the act above quoted, has not been overlooked, nor the argument that the act was law on March 15, although its effective date was set at June 1, 1943. An examination of the opinion in *Ross* v. *Jones,* 151 *Ga.* 425 (107 S. E. 160), will disclose that a similar view was presented to this court in that case, but was rejected. There the act providing for an additional judge for the Macon judicial circuit was approved August 17, 1920, and declared, "That upon the passage and ap-

proval of this act there shall be appointed," etc. It also contained a section which fixed the effective date of the act as November 1, 1920. Without going into detail, it is sufficient for present purposes to say that the decision turned upon what date the office was created, one insistence being that the office was created on the date of the approval of the act, the other that it was not created until the act by its terms went into effect. The latter contention prevailed, notwithstanding the language in the act next-above quoted. It must be held that the use of the word "now" did not have the effect of putting into immediate execution any portion of the act, but that its use in the phrase "now or hereafter employed" was intended to designate those who came within the classified service on the effective date of the act. It is not necessary to rule upon certain other questions discussed in the briefs.

*Judgment affirmed. All the Justices concur.*