McCUTCHEON *v.* SMITH *et al.*

No. 15231.   September 5, 1945.

*John I. Kelley* and *H. H. Hamrick,* for plaintiff in error.

*W. S. Northcutt, James A. Branch,* and *Thomas B. Branch Jr.,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ▌ That Mrs. Evelyn W. McCutcheon was not an employee of Fulton County, Georgia, on June 1, 1943, the effective date of the civil service act of 1943, was specifically ruled by this court in *McCutcheon* v. *MacNeill,* 197 *Ga.* 72 (28 S. E. 2d, 469). While that case was a claim by Mrs. McCutcheon for her salary, the decision necessitated a construction of the civil service act to determine whether or not she had a status as an employee as "deputy sheriff, matron 1," under the terms of the act. Further discussion on that question here would be useless. It is contended by counsel for the plaintiff in error, however, that the status as defined in section 6 of the act was not considered by this court, and that the plaintiff in error had a status as an employee under that portion of the said section which declares that "any person who as of January 1, 1943, had been an employee of Fulton County for at least six months immediately preceding the effective date of this act, shall continue to hold such position subject to the provisions of this act and shall be deemed to be qualified for such employment and shall be entitled to receive a regular permanent appointment in accordance with the provisions of this act." While the quoted language is not clear in all respects, it is very definite in requiring that the period of employment there referred to be that period "six months immediately preceding the effective date of this act." The reference to January 1, 1943, apparently is surplusage and means nothing. Obviously it was not the legislative intent to go back and pick up former employees of the county who, for reasons satisfactory to those empowered to discharge them, had been discharged and separated from the county's

service prior to the effective date of the civil service act, and by the terms of that act give such discharged employees a civil service status with a right to permanent employment notwithstanding their previous discharges were for good and sufficient cause. The petition as amended shows that the petitioner fully met all the requirements of the civil service act to entitle her to the position of deputy sheriff, matron 1, which she seeks by this action. The petition was, therefore, not subject to the defendants' demurrers, and the court did not err in overruling the same. The agreed facts upon which the case was tried support the allegations of the petition and show that the petitioner is the rightful occupant of the position of deputy sheriff, matron 1, of Fulton County and entitled to perform the duties thereof and receive the compensation therefor. The judgment making the mandamus absolute was demanded by the evidence.

■ The defendants rely upon an act approved February 8, 1945, which is set out as an exhibit to the petition and to some of the answers. That act purports to amend the civil service act (Ga. L. 1943, p. 971) by adding to section 6 the following: "It is hereby declared that as of June 1, 1943, Mrs. Evelyn W. McCutcheon was an employee of Fulton County for at least 6 months immediately preceding the effective date of this act and that she occupied the position of matron of the Fulton County jail and was entitled to receive a regular, permanent appointment in accordance with the provisions of this act and she is permitted to receive the benefits of this act by within 90 days from the effective date of this amendment following the procedure set out in section 6 of said act." The validity of this act is challenged by the petitioner's answer and demurrer. The demurrer alleges that the act offends article 1, section 1, paragraph 23 of the constitution of this State (Code, § 2-123), which declares that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." While the line of demarcation separating the legislative, judicial, and executive powers may sometimes be difficult to establish, and for this reason each of the three co-ordinate branches of government frequently invades the province of the others, it is nevertheless essential to the very foundation of our

system of government that the mandate of the constitution be strictly enforced. The judicial branch doubtless invades the legislative field more frequently than does the legislative branch the judicial field, but it is the duty of each to zealously protect its function from invasion of the others. The legislature has ample power to prevent attempted judicial legislation. Likewise the judiciary has the power to prevent judicial functions by the legislature, and the welfare of the State demands that it exercise this power when necessary. In enacting the civil service law the legislature was performing a legislative function. In construing the meaning of that act this court in *McCutcheon* v. *MacNeill,* supra, was performing a judicial function. By that decision the meaning of the 1943 act was judicially determined and fixed. The 1945 act here assailed is literally a legislative construction of the 1943 act which is directly in conflict with its meaning as judicially determined. In 1851, in *McLeod* v. *Burroughs, 9 Ga.* 213, this court had for decision a similar question. There under an act of 1806 the complainant erected a bridge, and thereafter, in 1841, the legislature passed an act defining the meaning of the previous act in a way prejudicial to the complainant's rights. This court held the latter act void, and at page 216, quoting from *Wilder* v. *Lumpkin,* 4 *Ga.* 208, 212, said: "A legislative exposition of a doubtful law is the exercise of a judicial power, and if it interferes with no vested rights, impairs the obligation of no contract, and is not in conflict with the primary principles of our social compact, it is in itself harmless, and may be admitted to retroactive efficiency; but if rights have grown up under even a law of somewhat ambiguous meaning, then the universal rule of our system—indeed of the English system of government, and of other systems which approximate to free government—applies. That rule is, the courts declare what the *law is,* the legislature declares what the law *shall be.*" It was stated further there that the original act in question was a contract between the individual and the legislature, that both parties were bound by this stipulation, and that what its meaning was was for the courts to determine, and it was held that "he is not subject to the peril of legislative constructions; if he were, then charters and grants would be but a mockery. Who would accept a charter if it was subject at all times to legislative construction; that is to say, subject to be im-

paired by law? No sane man, or half-witted set of men. The power to sit in judgment upon his own contracts by one of the parties, is nowhere conceded under any system of free government; that would be an enormity at which justice revolts." In *Calhoun v. McLendon*, 42 *Ga.* 405, there was involved an act of the legislature declaring a single person to be the head of a family under the constitutional provision allowing a homestead to the head of a' family. This court said of the act that it "is not a judicial construction of the constitution; that the judiciary under our government is alone empowered to interpret the constitution and laws, and, with great deference to the legislative department of the State government, we hold that it is not competent to enact that a single person living to himself or herself is the head of a family within the meaning of article 8, section 1, of the constitution, but the decision of this court on that subject is paramount." It was further said, in the opinion at page 407, that "In the dividing line of power between these co-ordinate branches we find here the boundary—construction belongs to the courts, legislation to the legislature. We can not add a line to the law, nor can the legislature enlarge or diminish a law by construction."

The act approved February 8, 1945, being a legislative attempt to construe another act of the legislature, offends the clause of the constitution here involved and is void. The court did not err in sustaining ground 2 of the petitioner's demurrer raising this question. *Judgment affirmed. All the Justices concur.*