### 18415. STEWART *v.* DAVIS *et al.*

WYATT, Presiding Justice. Charles E. Stewart filed suit against L. S. Davis, Joe L. Sandlin, J. H. Henderson, as Commissioners of Roads and Revenues of Echols County, Georgia, and John W. Langdale, alleging that the named commissioners entered into a contract with John W. Langdale which reads as follows: "This contract made and entered into in duplicate this 20th day of January, 1953, by and between the Board of Commissioners of Roads and Revenues, Echols County, Georgia, party of the first part, and John W. Langdale of Lowndes County, Georgia, party of the second part. Witnesseth: That the party of the first part does hereby employ party of the second part as its attorney for the period commencing on the first day of January, 1953 and ending at midnight on December 31, 1954, at a salary of forty dollars ($40.00) per month, payable on the first Monday of each month during the term of this contract. The party of the second part accepts said employment and shall perform the following duties: He shall attend all regular monthly meetings of the said Board and shall advise the Board with respect to all matters of a legal nature in connection with the business conducted by said Board. The party of the second part shall also prepare all contracts or other legal papers required in carrying out the business of said Board. The party of the second part shall attend all special meetings of the Board when requested by the Chairman or any member of said Board. In connection with any litigation with which said Board may become involved during the term of this contract, the said party of the second part shall represent the Board and shall be paid for such representation a reasonable fee as shall be agreed upon by both parties." It is alleged that this contract violates the provision of Ga. L. 1953, pp. 2054, 2058, section 8, which requires the County Attorney for Echols County to be a resident of Echols County, it being alleged that John W. Langdale is a nonresident of that county. The prayer was for injunction to prevent the named defendants from carrying out the terms of the contract. A general demurrer to the petition was sustained. The exception here is to this judgment. *Held:*

1. "The power to control the fiscal affairs of a county carries with it the power to employ counsel." *Templeman* v. *Jeffries,* 172 *Ga.* 895, 899 (159 S. E. 248).

2. The contract here involved is dated January 2, 1953. The act of the legislature referred to in the statement of facts was approved February 3, 1953, this being the act which it is contended makes the contract unenforceable. Whether or not the contract had the effect of constituting Langdale county attorney, the act of the General Assembly dated February 3, 1953, can have no effect on the contract entered into January 20, 1953. "No Bill of Attainder, ex post facto law, retroactive law, or

law impairing the obligation of contracts, or making irrevocable grant of special privileges or immunities, shall be passed." Code (Ann.) § 2-302.

3. From what has been said above, the general demurrer to the petition was properly sustained.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954.

*J. E. B. Stewart,* for plaintiff in error.

*J. Lundie Smith, B. Lamar Tillman, John W. Langdale,* contra.