18654. BUTTS *v.* THE STATE.

MOBLEY, Justice. 1. The granting of a motion for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. Code § 81-1419; *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d 241); *Porch* v. *State,* 207 *Ga.* 645 (1) (63 S. E. 2d 902); *Blackston* v. *State,* 209 *Ga.* 160 (2) (71 S. E. 2d 221).

(a) Where the crime was committed in December, 1953, the defendant was arrested during the month, remained in jail until court convened on Monday March 15, 1954, on which day the court appointed counsel to represent him, the indictment was returned on Tuesday the 16th, and the case called for trial on Wednesday the 17th, when the indictment was quashed on the ground that one of the members of the grand jury was disqualified, another indictment identical with the first except for the name of the disqualified juror was returned the same day, and the case was called for trial during the call of cases on the 17th, the trial judge did not abuse his discretion in denying the defendant's motion for a continuance in order that he might study the new indictment and prepare any defenses he felt proper to the new indictment.

2. The office of a grand juror is not "a county office" within the meaning of the statute (Ga. L. 1913, p. 125, § 4; Code § 92-6907), which provides that a member of a board of county tax assessors shall be ineligible to hold any other State, county, or municipal office. Compare *Andrews* v. *Butts County,* 29 *Ga. App.* 302 (114 S. E. 912); *Barnes* v. *Watson,* 148 *Ga.* 822 (4) (98 S. E. 500); *Civil Service Board of Fulton County* v. *MacNeill,* 201 *Ga.* 643, 646 (40 S. E. 2d 655). Accordingly, the trial judge did not err in denying the defendant's motion to quash the second indictment on the ground that the grand jury was improperly formed, in that a named member "is now and was at the time the said jury list was compiled a tax assessor of Putnam County, Georgia, and by virtue of holding this office was ineligible to be in the grand-jury box."

3. The remaining special ground is based on newly discovered evidence, consisting of a warrant issued December 26, 1953, charging the defendant with assault with intent to rape, which was signed by the same prosecutor as was shown on the indictment for rape, and which had the same names on it as appeared on the indictment for rape. By a counter-

showing the State produced evidence to the effect that movant's counsel first asked for the warrant in question at the call of the case in open court on March 17, 1954, and was told that the warrant was for "assault with intent to rape," but that the grand jury had returned a special presentment charging the offense of rape, at which time the movant's counsel was offered an opportunity to examine the warrant charging "assault with intent to rape." In the above circumstances, the trial court did not abuse its discretion in refusing a new trial on account of the alleged newly discovered evidence. *Buttersworth* v. *State*, 200 *Ga.* 13 (3) (36 S. E. 2d 301).

4. The evidence, though conflicting, was sufficient to support the verdict finding the defendant guilty of rape, and the trial court did not err in denying his amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1954—DECIDED SEPTEMBER 13, 1954.

*Peter J. Rice,* for plaintiff in error.

*Geo. D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.