19763, 19777. GAY *v.* LAURENS COUNTY; and *vice versa.*

Argued July 8, 1957—Decided September 12, 1957—
Rehearing denied October 11, 1957.

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.

*Harold E. Ward, H. Dale Thompson, A. Russell Ross, Edwin W. Ross,* contra.

Candler, Justice. By an act the legislature passed in 1952 (Ga. L. 1952, p. 2396) which was approved on February 12, 1952, and by its terms became effective on January 1, 1953, compensation for the Sheriff of Laurens County was changed from a fee basis to an annual salary of not less than $6,000 nor more than $7,500 to be fixed each year by designated county authorities in a prescribed manner. It provides for the payment of his salary monthly out of county funds. It requires him to submit annually during January to the county's fiscal authorities a list of those selected by him to serve as deputy sheriffs during the year and it gives such fiscal authorities power to fix the number who shall serve during that year and the amount of compensation they shall receive monthly out of county funds. In addition to an annual salary for the sheriff and his deputies, it also provides for a mileage fee to be paid out of county funds for necessary travel in the performance of their official duties. By another act passed at the same session and approved on February 13, 1952 (Ga. L. 1952, p. 2484) and which became effective on January 1, 1953, an act of 1925 (Ga. L. 1925, p. 430) which made the Sheriff of Laurens County ex officio Sheriff of the City Court of Dublin was amended by adding thereto the following words: "When acting as ex officio Sheriff of the City Court of Dublin, the Sheriff of Laurens County shall receive no compensation in addition to that which he receives as Sheriff of Laurens County." Section 2 of this act reads in part as follows: "All fees, costs, fines, percentages, forfeitures, penalties, allowances and all other perquisites of whatever kind which are now or may hereafter be allowed by law as compensation for services rendered by the ex officio Sheriff of the City Court of Dublin shall be received and collected by such officer for the sole use and benefit of the County of Laurens." This section of the act also requires the sheriff to

pay over all such funds monthly to the officer of the county who is entitled to receive county funds. And Section 3 of it also provides: "This act shall not become effective unless its companion bill H.B. No. 735, passes and is approved by the Governor and ratified by the people under the referendum therein provided for. In the event its companion bill does pass, as hereinbefore stated, then this act shall become effective on January 1, 1953." On September 9, 1955, Laurens County acting through its board of county commissioners instituted this litigation against Carlus Gay. The petition alleges that the defendant has at all times since January 1, 1953, been the Sheriff of Laurens County and also ex officio Sheriff of the City Court of Dublin and during that period has, as ex officio Sheriff of the City Court of Dublin, received and retained $15,736.57 arising from fines, forfeitures and costs in the City Court of Dublin which under the provisions of the act approved on February 13, 1952, he should have paid over to the officer of Laurens County who is entitled to receive county funds. By general demurrers to the petition the defendant attacked the constitutionality of the salary act which was approved on February 12, 1952, on several different grounds. These demurrers were overruled on October 19, 1956. During the same term of the court and on January 17, 1957, the trial judge vacated and set aside his order which overruled the defendant's demurrers on the ground that it had been inadvertently granted. On March 15, 1957, the defendant amended his general demurrer by amplifying its original grounds and adding other grounds attacking the constitutionality of the salary act of 1952. Objections to the allowance of this amendment were overruled. The defendant on March 15, 1957, filed a written motion to dismiss the amended petition on the ground that it failed to state a cause of action and in which he made several constitutional attacks on the act. The plaintiff on March 29, 1957, amended its petition and alleged that the defendant had received the salary and the other benefits provided for by the act of 1952; that he had neither restored nor offered to restore the amounts so received; and that he is thereby estopped to question the validity of the act. Demurrers were interposed to the amendment and all previous demurrers and the written motion to dismiss were renewed to the

petition as amended. They were all overruled and error is assigned in the main bill of exceptions on those judgments. The cross-bill of exceptions assigns error on the judgment of January 17, 1957, which vacated and set aside the order of October 19, 1956, which overruled the defendant's demurrers and also on the judgment overruling the plaintiff's objections to the allowance of an amendment to the defendant's original demurrers.

■ Article 12, section 2, paragraph 2, of the Constitution of 1945 (Code, Ann., § 2-7902) declares: "County officers may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law." In this case the defendant contends that the petition as amended fails to state a cause of action against him because the act of 1952 which placed the office of sheriff on a salary basis is for several enumerated reasons unconstitutional. This act is, of course, a local or special one and its constitutionality is attacked on the ground that notice of the authors' intention to introduce it in the General Assembly was not published as required by article 3, section 7, paragraph 15, of the Constitution of 1945 (Code, Ann., § 2-1915), which in part provides: "No local or special bill shall be passed unless notice of the intention to apply therefor shall have been published in the newspaper in which the sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly. No local or special bill shall become law unless there is attached to and made a part of said bill a copy of said notice certified by the publisher, or accompanied by an affidavit of the author." The authors attached to the local or special bill which they introduced on January 16, 1952, a copy of the notice stating their intention to introduce it, together with their affidavit that it was published in the official gazette for Laurens County in the issues of Saturday, December 9, 1951, Saturday, January 5, 1952, and Saturday, January 12, 1952, and the enrolled act which is of file in the office of the Secretary of State shows the same, and such enrolled act imports absolute verity as to its contents. *Smith* v. *McMichael*, 203 *Ga.* 74 (45 S. E. 2d 431). As stated, the validity of the act was attacked on the ground that notice of an intention to introduce it was not published as required by

522

the mandatory provision of the Constitution. We think this attack is good. It was necessary to publish the notice once a week for three weeks during a period of sixty days immediately preceding the date of its introduction in the General Assembly and to comply with the provision of the Constitution requiring such publication, it was necessary that each publication of it be a legal one. The enrolled act shows that the first publication of the notice was on "Saturday, December 9, 1951", and we judicially know that December 9, 1951, was on a Sunday. *Ellis* v. *Stokes,* 207 *Ga.* 423 (1) (61 S. E. 2d 806) ; *Thacker* v. *Morris,* 196 *Ga.* 167 (3) (26 S. E. 2d 329), and the cases there cited. Where the day of the week named in the notice does not correspond with the day of the month specified, the latter controls, and the former may be disregarded, as "date" means the year, month and day thereof. State Sav. Bank *v.* Hosmer, 95 Mich. 100 (54 N. W. 632). In *Werner* v. *State,* 51 *Ga.* 426, where the defendant was convicted on an indictment which charged him with keeping open a tippling house on "Sunday, April 4, 1873" and where a motion was made in arrest of judgment on the ground that the indictment showed on its face that the day on which the tippling house was kept open was not the Sabbath, the court took judicial notice of the fact that April 4, 1873, was a week-day. His motion was denied and this court in reversing the judgment said: "An indictment charging that the defendant did, on the fourth day of April, 1873, being Sunday, keep open a tippling house, when in fact the said fourth day of April was Friday, is not a good indictment, and a motion in arrest of judgment should have been sustained." And where the law requires publication of a notice as a condition precedent to the doing of some act, its publication on a Sunday is not legal and amounts to no publication at all. *Sawyer* v. *Cargile,* 72 *Ga.* 290; *Hayden* v. *Mitchell,* 103 *Ga.* 431, 446 (30 S. E. 287) ; *Chafin* v. *Tumlin,* 20 *Ga. App.* 433 (2) (93 S. E. 50) ; *Blizzard* v. *Blizzard,* 62 *Ga. App.* 244 (8 S. E. 2d 679). Hence, the enrolled act shows that notice of an intention to introduce the attacked legislation was legally published once a week for only two weeks during a period of sixty days immediately preceding its introduction in the General Assembly and such publication of it does not satisfy the constitutional requirement respecting the notice which must be published before the introduction of a local or special bill.

■ There is no merit in the contention that the defendant is estopped by conduct to question the validity of the salary act which was approved on February 12, 1952. There is no estoppel by conduct where both parties have equal knowledge or equal means of obtaining the truth. *Wilkins* v. *McGehee*, 86 *Ga.* 764 (13 S. E. 84). "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." Code § 38-116; *Tinsley* v. *Rice*, 105 *Ga.* 285, 290 (31 S. E. 174). Respecting the invalidity of the act under which the defendant was paid a salary and other benefits, the plaintiff's knowledge of it and its opportunity to ascertain its invalidity was certainly equal to that of the defendant. The defendant in no way misled the plaintiff as to its invalidity and it was the duty of the plaintiff before paying out county funds under the act to ascertain its validity. See, in this connection, *Best* v. *Maddox*, 185 *Ga.* 78 (194 S. E. 578), and *City of Atlanta* v. *Anglin*, 209 *Ga.* 170 (6) (71 S. E. 2d 419), and the cases there cited.

■ The companion acts here involved are each a part of one general legislative scheme respecting compensation for the Sheriff of Laurens County and disposition of the fees earned by him as such officer, and it is clear from the express terms of the act which was approved on February 13, 1952, that the legislature never intended for it to become effective unless its companion bill, House Bill No. 735, likewise became effective as a valid law. The two were introduced as companion bills and passed at the same session of the General Assembly and since each deals with the same subject matter, they must be considered together and treated as one entire statute. And where the whole of any legislative action on a given subject matter cannot be enforced, because unconstitutional in part, the remaining part will not be enforced unless it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment. *Cain* v. *Smith*, 117 *Ga.* 902 (44 S. E. 5); *Davis* v. *State*, 204 *Ga.* 467 (50 S. E. 2d 604). In this case it is unreasonable to presume that the legislature intended by these companion acts to deprive the sheriff of his fees

for official services under one of them whether the other one be valid or not. Since we have held that the salary act is unconstitutional, we now hold that its companion act is not effective.

■ Since the plaintiff amended its petition in a material respect and so as to open it anew to demurrer and since the defendant renewed all grounds of his demurrer to the petition as amended and added other grounds of demurrer, it is unnecessary to consider the procedural questions raised by the plaintiff respecting the defendant's demurrers.

*Reversed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*