21494, 21495.   GAY v. LAURENS COUNTY;
and *vice versa.*

ARGUED JANUARY 9, 1962—DECIDED FEBRUARY 8, 1962.

596

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.
*H. Dale Thompson,* contra.

MOBLEY, Justice. ■ Count I of Gay's cross-action seeks to recover $113,945.63 with interest from September 12, 1957, which sum, Gay alleges, represents the difference between fees collected by Laurens County during the time the invalid salary act was in force and the salary paid to him as sheriff during that time. Gay also credits the County with $4,265 paid him by the County.

This case is not unlike the case of *Owens v. Floyd County,* 94 Ga. App. 532 (95 SE2d 389), in which the plaintiff, the Clerk of the Superior and City Courts of Floyd County, brought an action against the county for the difference between the salary paid him by the county and the fees which the plaintiff collected and paid over to the county under the terms of a salary act which was declared unconstitutional by this court. The Court of Appeals held that the plaintiff had stated a cause of action and further held that the trial court erred in sustaining the demurrers and dismissing the petition.

After a trial was had on the merits of the case it was again brought to the Court of Appeals (*Owens v. Floyd County,* 96 Ga. App. 25, 99 SE2d 560), where a verdict for the defendant county was reversed in favor of the clerk. The Court of Appeals in that case declared: "The compensation of the plaintiff was fixed by the General Assembly of Georgia under the general laws placing clerks of the superior courts on a fee basis, and as long as the act of 1950 [the salary act] . . . was in force and neither repealed nor declared unconstitutional it was the duty of the plaintiff to deliver to the defendant county the fees collected by him, but once this act was declared invalid and prior laws again became operative in Floyd County the plaintiff immediately had a right to demand an accounting from the

county for the fees delivered to it under the 1950 act, supra, and was entitled to the fees delivered to the county over and above the amount expended by the county in the operation of the plaintiff's office, except those which the county was bound to expend when such office was operating on a fee basis."

Gay's cross-action simply alleges that he is entitled to recover the difference between the fees collected by the county and the amount of salary paid him by the county during the period in which the sheriff's office was operated under the invalid salary act. On general demurrer the question of any set-off the county might be entitled to as reimbursement of money expended by it in the operation of the sheriff's office, which would be chargeable to the sheriff while operating on a fee basis, would be a matter arising on defense of the action and not on general demurrer.

As Count I of Gay's cross-action set forth a cause of action it was error for the trial court to sustain the general demurrer filed by the county.

■ As to the three remaining counts in the cross-action it would seem that the same ruling made in division 1 of this opinion would apply. It may be that the claims contended for in Count I are also separately set out in some of the later counts and recovery on any one count may bar recovery on the others.

Gay's petition, having met the requirements of pleadings, it was error for the trial court to sustain the general demurrers to Counts II, III, and IV of the cross-action.

■ As to the cross-bill of the County excepting to the sustaining of general demurrers filed to the original petition, it is clear that the petition in question sets forth no cause of action.

The pertinent portions of the petition are as follows: "(4) That on January 16, 1961 the Honorable Darius N. Brown . . . issued an order in the case of Laurens County v. Carlus D. Gay, et al., same being City Court case No. 855 in which the said Judge . . . ordered C. B. New [City Court Clerk] to pay Carlus D. Gay the sum of $6,711.08.

"(5) That said Carlus D. Gay owes to Laurens County the sum of $31,842.00 for money that he has collected in direct

violations of the law and which he would be due to pay to Laurens County under a settlement as set forth under the law of said case.

"(7) Your petitioners show that in addition to the said money from the City Court of Dublin that the said Carlus D. Gay owes to Laurens County monies that he has collected in the Superior Court and in connection with his official duties in automobile condemnation cases and for outside sheriff's fees in which he has never paid to Laurens County nor has a final accounting been made of same to the county as required by law."

Thus we are left in the dark as to the nature of the monies sought in paragraph (4), the nature of the County's claim to such monies and the nature of the law violated by Gay in collecting the monies. The petition refers to "a settlement as set forth under the law of said case" but it is not clear what settlement is being referred to. Neither is it clear what case is referred to by the term "said case." Paragraph (4) refers to a city court case but no mention is made in the petition or in brief of counsel about a settlement in that case.

The only thing which is clear after reading the petition is that it fails to set forth a cause of action and for that reason the trial court did not err in sustaining the general demurrer filed to the petition.

*Judgment reversed on the main bill No. 21494 and affirmed on the cross-bill No. 21495. All the Justices concur.*