43403, 43404. LAURENS COUNTY v. GAY; and vice versa.

ARGUED FEBRUARY 6, 1968—DECIDED MAY 20, 1968.

*Wm. Malcolm Towson, Jones & Douglas, Paul J. Jones, Jr.,* for appellant.

*Nelson & Nelson, Carl K. Nelson, Jr.,* for appellee.

HALL, Judge. 1. The motion to dismiss the cross appeal is denied. Rule 13, Rules of the Court of Appeals; Appellate Practice Act of 1965, as amended, Ga. L. 1968, p. 1072.

2. Count VI of the cross action alleged that the county had become indebted to Gay for $153,210.63 for fees, costs, fines, forfeitures, emoluments and perquisites of the sheriff's office which it had collected and appropriated during the period (January 1, 1953, through September 30, 1957) when he had served in the office on a salary basis under an Act of the General Assembly which had been declared unconstitutional by the Supreme Court of Georgia. *Gay v. Laurens County,* 213 Ga. 518 (100

SE2d 271). He alleged that of this sum the county had paid him the total sum of $39,265 as a purported salary and by court orders. Count VI contained prayers for an accounting and for the appointment of an auditor to determine the amounts of the fees, fines and forfeitures due Gay for the period the salary Act was in effect and the credit due the county against such amounts. The trial court sustained a general demurrer to this count. Gay's claim for recovery of the difference between the moneys collected by the county during the time. the invalid salary Act was in force and the money paid to him as sheriff during that time was in the nature of an action for money had and received. *Owens v. Floyd County*, 94 Ga. App. 532 (95 SE2d 389); *Gay v. Laurens County*, 217 Ga. 594, 597, supra.

In *Owens v. Floyd County*, 96 Ga. App. 25, 27 (99 SE2d 560), cert. denied, 96 Ga. App. 901, this court stated that when a salary Act was declared invalid and prior laws again became operative "the plaintiff immediately had a right to demand an accounting from the county for the fees delivered to it under the . . . Act . . . and was entitled to the fees delivered to the county over and above the amount expended by the county in the operation of the plaintiff's office, except those which the county was bound to expend when such office was operating on a fee basis." That decision was followed on the former appeal in this case. *Gay v. Laurens County*, 217 Ga. 594, supra. Following that appeal Gay added Count VI to his cross action, in which he sought, as stated above, the relief which the courts, in the cases cited above, had held he would be entitled to. (In the present case the amount expended in the operation of the office would, of course, include the salary paid to the sheriff).

The trial court erred in sustaining the county's general demurrer to Count VI.

3. The trial court sustained other demurrers on the ground that the actions of the Judge of the City Court of Dublin in signing with approval reports of the clerk of that court, under which fines and forfeitures and costs collected in criminal and civil cases were disbursed during the time the invalid salary Act was in force, and orders that officers of the court including

the sheriff pay to the county specified sums collected in court proceedings which they held, were judgments of the city court which would have to be set aside before the superior court could make any determination on the issues of Gay's recovery of the sums disbursed to the county in accordance with the reports and orders. These were not judgments which were required to be set aside before Gay could enforce his right to an accounting and recovery for money had and received. The case relied upon by the county, *Duer v. Thweat*, 39 Ga. 578, is not controlling. The Supreme Court's declaration that the salary Act was invalid (*Gay v. Laurens County*, 213 Ga. 518, supra), established the law as to the rights of the parties to moneys collected by county officers, and the officers' rights to an accounting became enforceable. *Gay v. Laurens County*, 217 Ga. 594, 597, supra. This is especially true in reference to a suit of this nature. The theory of an action for money had and received is set forth by Judge Powell in *Citizens Bank v. Rudisill*, 4 Ga. App. 37, 40 (60 SE 818): "At common law it was given great scope of usefulness, and especially was much encouraged by Lord Mansfield, who recognized the equitable nature of the remedy, and extended it to all cases where a refusal of the remedy would result in an unjust enrichment of the defendant. In Moses v. Macferlan, 2 Burrows, 1008, he hays: 'If the defendant be under an obligation, from the ties of natural justice, to refund, the law implies a debt, and gives the action, founded in the equity of the plaintiff's case, as it were upon a contract ("quasi ex contractu") as the Roman law expresses it. . . This kind of equitable action to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged. It lies only for money which, ex aequo et bono, the defendant ought to refund. . . In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money.' And in such an action 'it is immaterial how the money may have come into the defendant's hands, . . . if, in equity and good conscience, he is not entitled to hold it against the true owner.' 27 Cyc. 864 (K)."

The trial court erred in sustaining these demurrers.

4. On the former appeal the Supreme Court held that the trial court had erred in sustaining the general demurrer to Count III of the cross action which alleged that the county was indebted to Gay for costs in civil cases, including divorce actions, which were paid to the Laurens Superior Court while the salary Act was in force, and for certain costs paid into the City Court of Dublin since that time, some of which were held by the co-defendant New, clerk of the court. Count III prayed for judgment for the sums due and that New be ordered to pay over the sums to Gay. The ground of the demurrer was that Count III set forth no cause of action and showed on its face that Gay's cause of action, if any, was against the defendant New. After the Supreme Court decision Gay amended this count and alleged the amounts due as shown by an audit, revised the sum sued for, and prayed for a judgment against New for the sum held by him and a judgment against the county for the balance due to Gay. Under the ruling of the Supreme Court on the former appeal the trial court erred in sustaining the general demurrer to Count III as amended.

5. Other enumerations of error in the cross appeal either do not need to be passed on in view of the above decision or were abandoned by the cross appellant's failure to support them by argument or citation of authority. See Rule 16, Rules of the Court of Appeals.

It follows from the foregoing decision on the cross appeal that all proceedings following the erroneous rulings on the demurrers to the cross action were nugatory, and it is not necessary to decide the main appeal.

We observe from the record in this case that the trial court before the trial noted in its order on the demurrers that the rulings drastically altered the respective positions of the parties, and the court encouraged either or both of them to file an immediate appeal for final determination in the event of dissatisfaction with the rulings.

On the cross appeal, the judgment is reversed on the rulings discussed in the opinion; judgments on other rulings enumerated as error in the cross appeal and main appeal are not passed on.

*Judgment reversed on cross appeal. Main appeal dismissed. Bell, P. J., and Quillian, J., concur.*